STATE INDUSTRIAL INSURANCE SYSTEM, an Agency of the State of Nevada, Appellant, v. LOUIS D. SWINNEY, Respondent.

No. 16929

January 21, 1987                                    731 P.2d 359

*Pamela M. Bugge,* General Counsel, Carson City; *Robert Giunta,* Assoc. General Counsel, Las Vegas, for Appellant.

*King, Clark, Gross & Sutcliffe,* Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

On July 2, 1979, Louis Swinney sustained a back injury lifting a countertop weighing 200 lbs. On July 4, 1979, he was diagnosed as having "acute lumbar facet syndrome," and admitted to Sunrise Hospital. He was discharged July 10, 1979, and released to work August 1, 1979. The NIC provided insurance benefits for this injury under Claim No. 80-51330.

In August 1980, Swinney experienced back pain and submitted a request to reopen Claim No. 80-51330. An appeals officer directed him to seek further medical attention. On December 15, 1980, Dr. Gordon, an orthopedic surgeon, examined Swinney and found he had full range of motion, no tenderness, and normal x-rays. He further found that sensation, muscle strength and reflexes were within normal limits with no sign of disease. In April 1981, Swinney experienced additional pain in his back while working as a fry cook, but was unable to pinpoint any specific reason for this onset of pain. Dr. Gordon diagnosed a lumbar-sacral sprain, and recommended three weeks of conservative therapy. NIC reopened Claim No. 80-51330 for this treatment.[1]

On June 23, 1982, over a year after his last medical treatment, Swinney injured his back lifting a soft drink cannister while working for John's Hard Hat Cafe. Dr. Gordon examined him and concluded that "Swinney's recurrent back aches have now become discogenic in nature." On his physician's report to NIC, Swinney noted the claim stemmed from an old injury. NIC, however, assigned a new claim number, No. 82-80447, and provided appropriate benefits under the claim. Treatment eventually included surgery. In April 1983, Swinney requested the reopening of his initial 1979 claim for an injury suffered while working at Denny's. NIC notified him that it could not reopen the original 1979 claim due to the fact that he had a new injury on June 23, 1982. NIC did reopen the June 23, 1982 claim, No. 82-80447. Benefits under the latter claim, however, were lower than the original claim and Swinney appealed NIC's decision.

The appeals officer affirmed the denial. After reviewing Swinney's medical and NIC claim history, the appeals officer concluded:

> The SIIS properly denied the request to reopen Claim No. 80-51330, because the incident of June 23, 1982, represented a new industrial accident. The claimant's description

[1]NIC has been reorganized and is now known as the State Industrial Insurance System. *See* 1981 Nev. Stat. ch. 642, p. 1449.

of the June 23, 1982 accident establishes a separate accident which resulted in aggravation on his original injury. The claimant's subsequent condition was more than a reoccurance [sic] of his previous injury.

The district court reversed, finding the appeals officer had improperly characterized Swinney's current condition as one resulting from his subsequent injury and that there was insufficient evidence to show that the original injury was not the precipitating factor. SIIS argues that the district court erred by substituting its judgment for that of the appeals officer as to the weight of the evidence on a question of fact, thereby violating NRS 233B.140(5). We agree.

The hearing officer and appeals officer based their decision upon the "last injurious exposure" rule. The district court also applied the rule in its decision. We have adopted the last injurious exposure rule for occupational disease, successive employer/carrier cases. *See* SIIS v. Jesch, 101 Nev. 690, 709 P.2d 172 (1985). The last injurious exposure rule applies to successive injury cases in the same way as occupational disease cases. Full liability is placed upon the carrier covering the risk at the time of the most recent injury that bears a causal relation to the disability. 4 Larson *Workmen's Compensation Law* § 95.20 (1986).

Extending the last injurious exposure rule to successive injury cases has several advantages. It is easy to administer, and in most instances will provide the highest level of benefits for the claimant. SIIS also applies the rule in administering its claims. We therefore extend the last injurious exposure rule to include both occupational disease and successive injuries situations.

Neither party is contesting the application of the last injurious exposure rule in the present case. The present controversy concerns the characterization of the type of injury sustained. Successive accidental injuries may be divided into three types—new injuries, aggravations of a prior injury, and recurrences—with the question of who is liable often depending on how the injury is characterized. 4 Larson *Workmen's Compensation Law* § 95.11 (1986).

When an employee sustains a subsequent industrial accident which is found to be a new injury or an aggravation of the prior injury, the employer/insurer at the time of the second injury is liable for all the claimant's benefits even if the second injury would have been much less severe in the absence of the prior condition, and even if the prior injury contributed to the final

condition. 4 Larson *Workmen's Compensation Law* § 95.21 (1986). This is consistent with the normal compensation rule for preexisting injuries. *Id.* Accordingly, this court has held that if an injury operating on an existing bodily condition or predisposition, produces a further injurious result, that result is caused by the injury. SIIS v. Kelly, 99 Nev. 774, 776, 671 P.2d 29, 30 (1983). However, if the second injury is merely a recurrence of the first, and does not contribute even slightly to the causation of the disabling condition, the insurer/employer covering the risk at the time of the original injury remains liable for the second. 4 Larson *Workmen's Compensation Law* § 95.23 (1986).

The appeals officer characterized Swinney's injury as a separate industrial accident which resulted in aggravation of his original injury, and that his subsequent condition was more than a recurrence of his previous injury. The district court, however, reversed and characterized the injury as a recurrence. The Administrative Procedure Act, NRS 233B.140(5), requires the court to affirm the decision of the administrative agency on questions of fact if the decision is supported by substantial evidence in the record. *See* SIIS v. Thomas, 101 Nev. 293, 295, 701 P.2d 1012, 1014 (1985); State of Nev. Emp. Sec. Dep't v. Weber, 100 Nev. 121, 676 P.2d 1318 (1984).

How a subsequent injury is characterized depends on the facts, medical evidence and circumstances. An appeals officer's determination that an injured employee's subsequent injury is a separate industrial accident resulting in an aggravation of his original injury is a question of fact which may not be set aside unless it is against the manifest weight of the evidence. *See* Nevada Indus. Comm'n v. Hildebrand, 100 Nev. 47, 50, 675 P.2d 401, 404 (1984).

Our review of the record supports the appeals officer's finding that Swinney's June 23, 1982 injury was a separate industrial accident resulting in an aggravation of the prior injury rather than a mere recurrence of it. *See also* Bearden Lumber Co. v. Bond, 644 S.W.2d 321 (Ark.App. 1983); Professional Furniture Serv. v. Indus. Com'n, 650 P.2d 508 (Ariz.App. 1982). In December 1980, Dr. Gordon examined Swinney and found that he had full range of motion with no tenderness and no sign of disease. Although NIC reopened Claim No. 80-51330 for conservative treatment in April 1981, Swinney had received no medical treatment for over a year prior to the June 23, 1982 injury.

Furthermore, Swinney's description of the June 23, 1982 injury meets the statutory standard for injury or accident as

defined by NRS 616.110 and NRS 616.020.[2] *See* American International Vacations v. MacBride, 99 Nev. 324, 661 P.2d 1301 (1983). As he lifted the soft drink cannister he felt his lower back pulling out and had a sudden onset of pain. This injury was treated and benefits paid under Claim No. 82-80447. We find substantial evidence in the record to support the decision of the appeals officer. For these reasons, we hold that the judgment of the district court was error and must be reversed. The decision of the appeals officer is reinstated.

---

[2]NRS 616.110(1) provides:

> 'Injury' and 'personal injury' means a sudden and tangible happening of a traumatic nature, producing an immediate or prompt result, including injuries to artificial members. . . .

NRS 616.020 provides:

> 'Accident' means an unexpected or unforeseen event happening suddenly and violently, with or without human fault, and producing at the time objective symptoms of an injury.