JOSEPH WARPINSKI, Appellant, *v.* STATE INDUSTRIAL INSURANCE SYSTEM, Respondent.

No. 17528

December 22, 1987          747 P.2d 227

*Chris A. Beecroft,* Las Vegas, for Appellant.

*William A. Ziegler,* Las Vegas, and *Pamela Bugge,* Carson City, for Respondent.

## OPINION

*Per Curiam:*

Joseph Warpinski sought to reopen a worker's compensation claim after suffering a non-industrial aggravation of a prior compensable injury. The Nevada Industrial Commission,[1] the appeals officer and the district court all agreed the claim could not be reopened. Warpinski appeals.

In 1972, Warpinski experienced a sharp back pain while lifting

---

[1]NIC has been reorganized and is now known as the State Industrial Insurance System.

equipment in the course of his employment as a medical technician. The injury was diagnosed as a herniated nucleus pulposus at the L5-S1 level of the spine. Warpinski underwent surgery to remove part of the intervertebral disk. He was compensated for the injury and the claim was closed.

On April 23, 1980, Warpinski, then a medical student, was accompanying a patient and several paramedics through Cannon International Airport when the gurney collapsed. Warpinski contended he merely turned and felt pain. Other evidence indicated the gurney fell against Warpinski's back. As a consequence of the incident, Warpinski required a second discectomy at the L5-S1 level of his spine.

Warpinski sought to reopen his 1972 claim contending he suffered an aggravation of the earlier injury. The appeals officer, who disbelieved Warpinski's version of the events, characterized the reinjury as a "new injury." He concluded an aggravation, if it constituted a "new injury," was not a change in circumstances that warranted reopening of a claim under NRS 616.545. The appeals officer relied on the principle that a change in condition includes aggravation of the first injury only under circumstances that would not amount to a new compensable injury.

The appeals officer stated the applicable rule when the latter injury is also industrial. Where the new injury is a compensable industrial claim, the original claim cannot be reopened because the employer at the time of the subsequent injury is liable for all of claimant's benefits regardless of the prior injury's role in the final condition. SIIS v. Swinney, 103 Nev. 17, 731 P.2d 359, 361 (1987). Thus, an aggravation of an industrial injury by another industrial cause is a new claim under the "last injurious exposure rule." *Id.* This rule frees the worker from the burden of allocating responsibility for his condition. Grable v. Weyerhauser Co., 631 P.2d 768, 777 (Or. 1981). It also provides for ease of administration and, in most cases, a higher level of benefits for the injured worker. *Swinney, supra.* These considerations are inapplicable when the subsequent injury is non-industrial.

The general rule is every natural consequence of an injury arising out of and in the course of employment likewise arises out of the employment. 1 Larson *Workmen's Compensation Law* § 13 (1986). So long as there is a causal nexus between the final condition and the industrial injury, the employer remains liable. This principle has been widely applied to allow compensation when a non-industrial event and a prior industrial injury combine to produce claimant's condition. *See* Dutton v. Industrial Commission of Arizona, 682 P.2d 453 (Ariz. 1984); Guidry v. J & R

Eads Construction Co., 669 S.W.2d 483 (Ark.App. 1984); Schaefer v. Williamston Community Schools, 323 N.W.2d 577 (Mich.App. 1982); Medart Division of Jackes-Evans Mfg. v. Adams, 344 So.2d 141 (Miss. 1977); Doty v. Aetna Life and Casualty, 350 N.W.2d 7 (Neb. 1984); Grable v. Weyerhauser Co., *supra,* 631 P.2d 768; Wilson v. Worker's Compensation Commissioner, 328 S.E.2d 485 (W.Va.App. 1984).

The appropriate inquiry focuses on the relationship between the final condition and the industrial injury. The exact manner in which Warpinski's 1980 injury occurred is not important. In Hughes v. General Motors Guide Lamp Division, 469 So.2d 369, (La.App. 1985), claimant contended her knee "popped" while other evidence indicated she slipped and twisted the knee. The Louisiana court noted it was unnecessary to determine exactly how the second injury occurred adding, "The key question is the relationship between the second injury and the initial injury." *Id.* at 373.

It is enough that the industrial accident has rendered the claimant susceptible to later injury. The employer remains liable for compensation of subsequent injuries that would not have occurred had claimant's bodily efficiency not been impaired in the first accident. *See* J.C. Atkinson v. Home Indemnity Co., 234 S.E.2d 359 (Ga.App. 1977); Kelly v. City of New Orleans, 414 So.2d 770 (La. 1982); GTE Sylvania v. Workmen's Compensation Appeal Board, 458 A.2d 1050 (Pa.Commw. 1983).

The medical testimony indicated a probable relationship between Warpinski's 1972 and 1980 injuries. NIC's own medical advisor admitted there was "probably some weakening of the structures." Warpinski's treating physician, Dr. Harris, characterized the second injury as an "exacerbation" and "aggravation." The appeals officer, himself, adopted Dr. Harris' conclusion that the 1980 injury was a "new injury to an old problem." This finding recognizes that the original injury was one factor in Warpinski's condition.

We conclude the appeals officer misconceived the requirements for reopening a claim when a subsequent non-industrial injury was involved. Warpinski, having suffered an aggravation to an industrial injury, was entitled to have his claim reopened. The administrative decision was "affected by error of law" and should have been reversed by the district court. NRS 233B.140(5)(d).

Accordingly, we reverse the order of the district court.