STATE INDUSTRIAL INSURANCE SYSTEM, an Agency of the State of Nevada, Appellant, v. LLOYD S. VERNON, Respondent.

No. 20297

February 23, 1990                                        787 P.2d 792

*Pamela Bugge,* General Counsel, Carson City, and *William A. Zeigler,* Associate Counsel, Las Vegas, for Appellant.

*Gary T. Watson,* Las Vegas, for Respondent.

*J. Michael McGroarty,* Las Vegas, for Amicus Curiae.

## OPINION

By the Court, ROSE, J.:

This is a successive injury case, in which the disability claimant received three knee injuries, the first in Nevada, and the other two in California. Nevada's "last injurious exposure rule" requires the employer at the time of the latest injury related to a disability to assume full liability for the disability. The question presented by this appeal is whether this rule applies where the employer at the time of the latest injury is an out-of-state employer. This is a question of first impression for this court. We hold that the last injurious exposure rule requires the disability claimant first to seek compensation from the out-of-state employer. We further hold that the claimant may later reapply for compensation in Nevada and is entitled to the full compensation authorized by Nevada law, but only to the extent that this compensation does not directly duplicate any compensation already awarded by the out-of-state employer.

### FACTS

In January 1986, the claimant Lloyd Vernon (Vernon) injured

both his knees while employed as an ironworker in Las Vegas. Nevada's State Industrial Insurance System (SIIS) paid for arthroscopic surgery on the right knee. In May 1986, SIIS released Vernon to work, but Vernon continued to complain of serious symptoms in both knees. Because a decision on his Nevada claim for permanent partial disability was delayed, Vernon went to work in California. He re-twisted the right knee on this second job and filed a claim for compensation with the California worker's compensation system. Because that claim, too, was delayed, he found a third job located in California, but under an employer covered by the worker's compensation system of the State of Washington. Here, he suffered his third injury, a bruise and infected cut on his left knee. Vernon then returned to Nevada to pursue his pending claim and was awarded rehabilitative and medical benefits. SIIS appealed to an administrative appeals officer who affirmed the award of benefits. SIIS now appeals the district court's decision affirming the award of benefits by the appeals officer. At the time of the appeals officer's decision, Vernon's claim with the second employer was still pending. The third employer has compensated Vernon through the worker's compensation system of the State of Washington, but only for the superficial wounds Vernon suffered in the third accident, not for Vernon's underlying knee joint injuries.

## DISCUSSION

### I.  *The last injurious exposure rule.*

In Nevada, the last injurious exposure rule is grounded in the decisions of this court, not in legislation. This court has stated the last injurious exposure rule as follows:

> Full liability is placed on the carrier covering the risk at the time of the most recent injury that bears a causal relationship to the disability. 4 Larson *Workmen's Compensation Law* § 95.20 (1986).
>
> . . . .
>
> When an employee sustains a subsequent industrial accident which is found to be a new injury or an aggravation of the prior injury, the employer/insurer at the time of the second injury is liable for all the claimant's benefits even if the second injury would have been much less severe in the absence of the prior condition, and even if the prior injury contributed to the final condition. 4 Larson *Workmen's Compensation Law* § 95.21 (1986). . . . However, if the second injury is merely a recurrence of the first, and does not contribute even slightly to the causation of the disabling condition, the insurer/employer covering the risk at the time of the original injury remains liable for the second. 4 Larson *Workmen's Compensation Law* § 95.23 (1986).

SIIS v. Swinney, 103 Nev. 17, 20, 731 P.2d 359, 360-61 (1987) (applying the rule in a successive injury case); *see also* SIIS v. Jesch, 101 Nev. 690, 709 P.2d 172 (1985) (applying the rule in an occupational disease case). Unlike the present case, neither *Swinney* nor *Jesch* involved an out-of-state employer. Thus, the application of the last injurious exposure rule to an out-of-state employer presents a question of first impression for this court.

## II. *The parties' contentions.*

Neither party contends that the second injury involving the right knee was a mere recurrence of the first injury in Nevada. Accordingly, both parties concede that the rule as stated in *Swinney* applies, at least as to the right knee injury. It is in the interpretation of that rule as applied to an out-of-state employer that the parties differ.

SIIS argues that this court should reverse the lower court's decision on either of two grounds. First, SIIS seeks reversal on the basis of a literal application of the rule as stated in *Swinney.* Applied literally, SIIS argues, *Swinney* requires one of the later two out-of-state employers to assume exclusive liability, because one of these two employers was the employer at the time of the most recent injury related to the disability. Alternatively, SIIS proposes that this court adopt the middle-ground rule stated in Miville v. State Accident Insurance Fund Corp., 710 P.2d 159 (Or.App. 1985). In *Miville,* the court held that the previous in-state employer remains liable for the disability caused in part by a later injury under an out-of-state employer, only if: (1) the claimant first files for benefits in the other state, (2) the claimant has received a final determination of denial from the other state, *and* (3) the prior in-state injury contributes materially to the current disability. *Miville,* 710 P.2d at 161-62. Since Vernon applied for benefits from both the second and third employers, SIIS concludes, under *Miville* Vernon cannot seek any further compensation from SIIS.

Vernon makes two principal arguments in reply. First, he urges this court to adopt the "last in-state employer interpretation" of the last injurious exposure rule. This is the interpretation adopted by the appeals officer and the district court. Applying this interpretation, the appeals officer and the district court held, as a matter of law, that the last injury rule refers only to the last *Nevada* employer, *i.e.,* that the rule applies only to Nevada employers. As a result, the appeals officer held that SIIS, not one of the out-of-state employers, was fully liable to compensate Vernon. Second, Vernon argues that the last injury rule has no application to Vernon's left knee injury. Unlike the right knee, he notes, the left knee was never re-sprained in California. The only injuries to the left knee in California were, he says, the unrelated,

and more minor, puncture wound and bruise. Therefore, he concludes, his current problems in the left knee are mere "recurrences" of the original left knee injury, and, under *Swinney,* the Nevada employer remains fully liable for these recurrences.

### III. *Application of the last injurious exposure rule where the last relevant injury occurs under an out-of-state employer.*

We decline to adopt the literal application of *Swinney* to out-of-state employers as requested by SIIS. Applying *Swinney* literally would bar any compensation by SIIS even where the previous Nevada injury is the principal cause of disability and the second state denies any liability whatsoever, leaving the worker disabled and uncompensated. This result is fundamentally inconsistent with the purpose of the Nevada Industrial Insurance Act (NIIA). This interpretation of the last injurious exposure rule as applied to out-of-state employers has been approved in only one case cited by the parties, which we decline to follow. *See* State Compensation Fund v. Joe, 543 P.2d 790 (Ariz.App. 1975).

On the other hand, we reject Vernon's contention that the last in-state employer interpretation of this rule should apply in all cases. We recognize that an apparent majority of courts have adopted the last in-state employer interpretation. *See* 4 Larson *Workmen's Compensation Law* § 95.25(d) (1986). However, none of these cases involved a claimant who, in addition to seeking benefits in the state where the first injury occurred, also had applied for benefits in the second state. Allowing claimants to recover full compensation in this state under *Swinney* without regard to any out-of-state recoveries poses the risk of double recovery by claimants.

For these reasons, we hereby adopt a solution similar, but not identical to that reached by the Oregon Court of Appeals in *Miville.* The rule we adopt applies to claimants with successive injuries causing disability, where the later injury occurs under an employer covered by the worker's compensation system of another state. Such a claimant is eligible for compensation in Nevada from SIIS only if: (1) the claimant first applies for compensation in the other state, (2) the claimant has received a final decision on the application in the other state, *and* (3) the prior in-state injury contributes, in the words of the *Swinney* court, even slightly to the current disability. If the claimant receives a final determination of denial of compensation by the other state, the claimant may then apply for compensation from SIIS, which becomes liable for the entire disability bearing a causal relationship to these injuries. If the claimant is compen-

sated by the other state, the claimant may seek any further compensation for which SIIS would normally be liable under the NIIA, but only to the extent that such compensation is not directly duplicative of compensation received in the other state. Before applying here, the claimant should apply in the other state for all benefits to which he or she may be entitled under the law of that state, including, for example, both income replacement and rehabilitative benefits. The claimant may elect not to apply for a certain benefit in the second state, but doing so waives any rights the claimant may have to the same benefit under the NIIA.

We believe that the rule adopted above strikes a fair and workable balance between the interests of Nevada employers and the interest of this state in protecting its workers, as expressed by the legislature in the NIIA. This rule avoids double recovery by claimants. Yet it also prevents claimants whose disability is caused, perhaps principally, by a Nevada injury from falling between the cracks of the workers' compensation systems of two or more states. This court originally adopted the last injurious exposure rule for two principal reasons: to facilitate recovery by disability claimants such as those represented in *Jesch* and *Swinney*, and, in *Swinney*, as a rule of administration clarifying which among two or more employers is to be liable. Both of these purposes are furthered by the rule adopted above. In the typical case involving the last injurious exposure rule, both employers are Nevada employers. In such a case, the rule requires that the claimant be compensated to the full extent authorized by Nevada law by the employer at the time of the latest injury bearing a causal relationship to the disability. Where another state denies adequate compensation, a Nevada worker injured here in Nevada ought not to forfeit this entire compensation merely because he or she is re-injured while working for an out-of-state employer.

Even if the Nevada injury is not the preponderant cause of disability, it is not unfair to expect the prior Nevada employer to remain liable for a disability incurred in part while on the job in Nevada. Indeed, under the most common application of the last injurious exposure rule in which all employers are from this state, the last employer is liable for all compensation, even if the injury suffered under the latter employer is far less severe than an injury suffered under a prior employer.

In the present case, the appeals officer found that the superficial injuries to the left knee while working for the third employer, injuries which are now healed, constituted a qualitatively different condition than the internal knee joint injuries of which Vernon

now complains. After careful review of the record and of SIIS' arguments on this point, we hold that substantial evidence supports this finding. We conclude that the third injuries are not part of the disability for which Vernon now seeks compensation. Therefore, under *Swinney*, the employer at the time of the most recent injury bearing a causal relationship to the present disability is the second employer. It is to this employer that Vernon must apply for full compensation before he can be eligible in this state for benefits related to this disability.

■■■■■■■

The appeals officer concluded that SIIS remains responsible for all compensation related to the left knee injury. For reasons just stated, we accept the appeals officer's conclusion that the third employer is not primarily liable for the internal left knee injuries suffered in Nevada. What is not clearly addressed by either the appeals officer or the district court is the question of whether the left knee injuries under the Nevada employer and the right knee injuries under the second employer are parts of the same disability. If the first and second injuries are part of the same disability, then, under *Swinney*, the employer at the time of the later injury is responsible for compensation related to both the left and right knee injuries. If the left knee injury caused a separate and distinct disability, however, SIIS remains liable for all compensation for this disability, and Vernon must seek compensation for the right knee disability according to the rule adopted above. We believe that this question of the divisibility of disabilities can best be addressed by a fact-finder. On remand, the SIIS must also address the question of whether Vernon has yet received a final determination regarding all possible compensation authorized by the California worker's compensation system. If Vernon has received such a final determination, the SIIS must then determine the level of benefits received from California and award Vernon all further benefits to which he would be entitled under Nevada law, to the extent that these benefits do not directly duplicate the benefits received from California.

## CONCLUSION

We hold that the last injurious exposure rule requires an employee previously injured under a Nevada employer first to seek compensation from the out-of-state employer under which the latest injury bearing a causal relationship to the disability occurred. After the out-of-state employer renders a final decision, the employee may return to Nevada to seek compensation subject to the restrictions stated in this opinion.

We reject the last in-state employer interpretation accorded the

last injurious exposure rule by the appeals officer and by the district court. Accordingly, we reverse the decision of the district court and remand the case with instructions that the district court shall direct SIIS to determine: whether the first left knee and second right knee injuries constitute part of the same disability; whether Vernon has received a final determination from the second employer regarding all benefits to which he may be entitled from the second employer; and, if Vernon has received such a final decision, the extent to which Vernon is entitled to further benefits from SIIS.

YOUNG, C. J., STEFFEN, SPRINGER and MOWBRAY, JJ., concur.