**Donald M. WOLFER, Appellant,**

v.

**VECO, INC., and the Home Insurance Company, Appellees.**

**VECO, INC., and the Home Insurance Company, Cross–Appellants,**

v.

**Donald M. WOLFER, Veco, Self Insured, and Tikigaq Construction Co., Cross–Appellees.**

**Nos. S–4466, S–4529.**

Supreme Court of Alaska.

May 28, 1993.

Rehearing Denied July 9, 1993.

---

Charles W. Coe, Anchorage, for appellant and cross-appellee Wolfer.

Marilyn J. Kamm, Call, Barrett & Burbank, Fairbanks, for appellees and cross-appellants Veco, Inc. and the Home Ins. Co.

Clay A. Young, Delaney, Wiles, Hayes, Reitman & Brubaker, Anchorage, for cross-appellees Tikigaq Const. Co. and the Alaska Ins. Guar. Ass'n.

Phillip J. Eide, Eide & Miller, P.C., Anchorage, for cross-appellee Veco/Self Insured.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS and COMPTON, JJ.

## OPINION

PER CURIAM.

1. The Memorandum of Decision and Order of Remand of the superior court entered on February 4, 1991, is reversed insofar as it reverses the June 13, 1990 decision of the Workers' Compensation Board. The board's findings that: (1) Wolfer was injured in 1979 while at work for Veco when Veco was insured by Home Insurance Company; (2) this injury was a substantial factor in bringing about his current condition; and (3) Wolfer is eligible for temporary total disability benefits, are all supported by substantial evidence.

▮ 2. The superior court's decision that Wolfer did not bring his claim within the period allowed by the statute of limitations, AS 23.30.105, is reversed. The court erroneously stated that the board did not address this issue. The board ruled on the statute of limitations on April 14, 1989, finding Wolfer did not have knowledge of the nature of his disability until at most a matter of months before the present claim was filed:

> taken as a whole, the evidence indicates that [Wolfer] should not be charged with knowledge of the serious or disabling nature of his back problem until the fall of 1987. Until this time, [Wolfer] continued trying to work despite the pain. He testified none [sic] had clearly explained his problem to him until then. We believe he tried to minimize his disability by working and adapting to this pain with help from other workers and by taking pain medication. Under these circumstances, we do not want to fault [Wolfer] for his efforts.

This finding is supported by substantial evidence and therefore the board's ruling that Wolfer's claim is not time barred must stand.

▮ 3. The superior court's determination that the last injurious exposure rule applies to employment outside the state of Alaska is reversed. As noted by the board,

the employment relationship which is covered by the Workers' Compensation Act is one which is "carried on in this state." AS 23.30.265(13). The last injurious exposure rule was judicially imposed in *Ketchikan Gateway Borough v. Saling*, 604 P.2d 590 (Alaska 1979). The reasons for the rule were simplicity of administration and the need of the worker for a "swift and inexpensive recovery." *Id.* at 597–98. Extending the last injurious exposure rule to out-of-state employers would add complexity rather than contribute to simplicity in administration, and would make the worker's remedy more difficult to obtain. We observed in *Saling* that the last injurious exposure rule would operate to "create a windfall to previous employers" insofar as it "impose[s] a disproportionately higher burden of liability upon the last employer." *Id.* at 598. Refusing to extend the last injurious exposure rule to out-of-state employers eliminates "windfalls" of this nature. The in-state employer is, of course, only liable if the board finds the injury suffered by the employee while working for the in-state employer to be a substantial factor in bringing about the employee's current condition despite the subsequent out-of-state injury. *Id.* at 597–98. Wolfer has sought compensation and received a settlement for his out-of-state injury. As the board has required that credit be given for benefits received from the out-of-state claim, a double recovery has been avoided. We need not determine at this juncture whether the board, in order to relieve the Alaska employer from the whole burden of the employee's current disability, should *require* an employee who has suffered a subsequent out-of-state injury to seek compensation for that injury in the state where it occurred. *See State Indus. Ins. Sys. v. Vernon*, 106 Nev. 128, 787 P.2d 792 (1990).

4. The board did not err in concluding that the claimant's disability was not the product of his employment with Veco when it was self insured, or with Tikigaq Construction Company. There was substantial evidence on both sides as to whether Wolfer's employment with Veco/Self Insured and Tikigaq was a substantial factor in causing his disability.

5. In conclusion, the decision of the superior court reversing the board's award to Wolfer is REVERSED. The superior court's decision affirming the board's denial of Veco/Home Insurance's claims against Veco/Self Insured and Tikigaq is AFFIRMED.