*866
 
 OPINION
 

 Per Curiam:
 

 At issue in this case is which of two successive employers is liable for workers’ compensation benefits when an employee sustains a later industrial injury that aggravates an earlier industrial injury. An administrative appeals officer held the first employer liable by requiring reopening of the employee’s original claim under NRS 616C.390. We conclude the appeals officer should have held the subsequent employer liable under the last injurious exposure rule, which places hill liability upon the employer covering the risk at the time of the most recent industrial injury that bears a causal relation to the employee’s disability, rather than resolving the matter under the claim reopening statute. Because the appeals officer misapplied the law, the district court should have granted judicial review and reversed the administrative decision.
 

 FACTS AND PROCEDURAL HISTORY
 

 Respondent Gerald Root injured his left shoulder in 1981 while working for appellant Las Vegas Housing Authority (LVHA). Appellant Employers Insurance Company of Nevada’s predecessor, the State Industrial Insurance System (SIIS), accepted Root’s workers’ compensation claim. Root was treated for shoulder strain, but he received no disability benefits, and the claim was closed in 1982. Root worked full duty for LVHA for another five or six years, then worked for Stratton Electric, Inc., for two years. In 1989 Root began working as a maintenance man for the City of Henderson, a self-insured employer.
 

 In April 1994 Root injured his right shoulder at work. The City’s claims administrator, CDS of Nevada, ultimately accepted Root’s workers’ compensation claim, and Root underwent right shoulder surgery a year later, in April 1995. While awaiting surgery and during recovery, Root favored his right shoulder and overused his left shoulder, which began hurting. In October 1995 Root sought treatment for pain in his left shoulder, and in November 1995 he requested that his 1981 claim be reopened.
 

 In January 1996, while trying to move a water line with a wrench held in his left hand, Root felt a sudden pain and a tearing sensation in his left shoulder. He finished his shift, reported the injury to his supervisor that evening, and filed a written injury report the following day. Root’s physician later concluded that Root had probably sustained a rotator cuff tear. Root submitted a
 
 *867
 
 workers’ compensation claim with the City. CDS denied the claim under NRS 616.50185 (now NRS 616C.175) based on Root’s preexisting problems with his left shoulder.
 
 [1]
 
 An administrative hearing officer reversed the claim denial, and the City appealed. Meanwhile, SIIS denied Root’s reopening request. An administrative hearing officer affirmed, and Root appealed. The appeals were consolidated.
 

 In February 1996, while the administrative appeals were pending, Root underwent surgery to repair the torn rotator cuff in his left shoulder. The surgeon discovered the supraspinatus tendon was torn across its entire width, the coracoacromial ligament and biceps tendons were frayed and the synovial membranes were inflamed; however, the surgeon could not tell from the appearance of these conditions when or how they developed. A number of doctors rendered opinions regarding causation; some related Root’s torn rotator cuff back to the 1981 injury and natural deterioration, aggravated by the 1994 and 1996 injuries, and some concluded that the torn rotator cuff resulted solely from the 1996 injury.
 

 The appeals officer concluded “the 1996 incident was an aggravation of the 1981 injury.” Noting that Root’s left shoulder had already become symptomatic in late 1995, before the January 1996 incident with the wrench, the appeals officer decided the January 1996 incident was not the primary cause of Root’s disability although it made his shoulder pain worse. Based on the finding that the primary cause of Root’s disability was his preexisting shoulder condition, the appeals officer directed SIIS to reopen the 1981 claim and affirmed CDS’s denial of Root’s 1996 claim.
 

 The district court denied judicial review, and LVHA and SIIS appealed to this court. They contend the appeals officer should have applied the last injurious exposure rule, which places full liability upon the carrier covering the employee at the time of the most recent injury bearing a causal relationship to the disability, instead of determining which injury was the “primary cause” of Root’s shoulder disability and whether reopening was warranted.
 
 [2]
 
 We agree.
 

 
 *868
 

 DISCUSSION
 

 Reopening claims under NRS 616C.390
 

 For a workers’ compensation claim to be reopened, NRS 616C.390 requires proof of a change of circumstances and proof that the primary cause of the change of circumstances is the injury for which the claim was originally made. Specifically, NRS 616C.390 provides, in pertinent part:
 

 1. If an application to reopen a claim to increase or rearrange compensation is made in writing more than 1 year after the date on which the claim was closed, the insurer shall reopen the claim if:
 

 (a) A change of circumstances warrants an increase or rearrangement of compensation during the life of the claimant; [and]
 

 (b) The primary cause of the change of circumstances is the injury for which the claim was originally made; ....
 

 Thus, a claimant who sustains a nonindustrial injury that aggravates or exacerbates a previous industrial injury is entitled to reopening as long as the industrial injury is the primary cause of the claimant’s worsened condition, and the employer at the time of the industrial injury remains liable.
 
 See
 
 Warpinski v. SIIS, 103 Nev. 567, 747 P.2d 227 (1987).
 

 Had this case not involved successive industrial injuries, the appeals officer’s determination of primary cause would have been appropriate. A different analysis is required, however, in cases involving successive employers and successive industrial injuries. In these kinds of cases, the last injurious exposure rule applies.
 
 See id.
 
 at 569, 747 P.2d at 229.
 

 The last injurious exposure rule
 

 This court adopted the last injurious exposure rule for occupational disease, successive employer cases in State Industrial Insurance System v. Jesch, 101 Nev. 690, 709 P.2d 172 (1985). “Simply stated, the last injurious exposure rule in occupational disease, successive-employer cases ‘places full liability upon the carrier covering the risk at the time of the most recent injury that bears a causal relation to the disability.’ ”
 
 Id.
 
 at 696, 709 P.2d at 176 (quoting 4 A. Larson,
 
 The Law of Workmen’s Compensation
 
 
 *869
 
 § 95.20 (1984)). The last injurious exposure rule applies to successive injury cases in the same way. SUS v. Swinney, 103 Nev. 17, 19, 731 P.2d 359, 360 (1987). Thus, full liability is placed upon the carrier covering the risk at the time of the most recent injury that bears a causal relation to the disability.
 
 Id.
 

 Successive accidental injuries may be divided into three categories—new injuries, aggravations of a prior injury, and recurrences—with the question of who is liable generally depending on how the injury is characterized.
 
 Id.
 
 at 19, 731 P.2d at 361. The employer/insurer at the time of a new injury or aggravation of a prior injury is liable for all of the claimant’s benefits, even if the subsequent injury would have been much less severe in the absence of the prior condition, and even if the prior condition contributed to the final condition.
 
 Id.
 
 at 19-20, 731 P.2d at 361. However, if the subsequent injury is merely a recurrence of the first, and does not contribute even slightly to the causation of the disabling condition, the employer/insurer covering the risk at the time of the original injury remains liable for the subsequent injury.
 
 Id.; see also
 
 Collett Electric v. Dubovik, 112 Nev. 193, 198, 911 P.2d 1192, 1196 (1996). The last injurious exposure rule thus frees the employee from the burden of allocating responsibility for his disability and forestalls any determination regarding which employment was the “primary cause” of a work-related disease or injury.
 
 See Collett Electric,
 
 112 Nev. at 197, 911 P.2d at 1195;
 
 Warpinski,
 
 103 Nev. at 569, 747 P.2d at 229.
 

 Although the rule may sometimes produce harsh results for an employer, this court has concluded that it serves the best interests of employees, avoids the difficulties of attempting to apportion responsibility between successive employers and spreads the risks between employers overall.
 
 Collett Electric
 
 at 197, 911 P.2d at 1195.
 

 Here, there was evidence that Root’s 1994 injury to his right shoulder caused him to overuse his left shoulder, which aggravated his old injury, and that Root’s 1996 injury to his left shoulder further aggravated the old injury, or constituted a new injury. The appeals officer concluded “the 1996 incident was an aggravation of the 1981 industrial injury,” and substantial evidence supports that determination. There was no evidence, however, that Root’s 1996 left shoulder condition was merely a recurrence of his 1981 injury, and that the 1994 overuse and 1996 incident with the wrench did not contribute even slightly to the causation of the disabling condition. The City of Henderson was Root’s employer
 
 *870
 
 during these later injuries, and the last injurious exposure rule places responsibility for payment of Root’s benefits on the City and CDS.
 

 CONCLUSION
 

 The appeals officer misconstrued the law and failed to properly apply the last injurious exposure rule. The City was Root’s employer at the time of the most recent injuries that bore a causal relation to Root’s disability. Consequently, we reverse the district court’s order and remand to the district court for entry of an order granting judicial review, reversing the appeals officer’s decision and directing the City of Henderson to accept Root’s 1996 claim for workers’ compensation.
 
 See
 
 NRS 233B.135(3)(d) (authorizing judicial reversal of an administrative decision affected by a prejudicial error of law).
 

 [1]
 

 Denial on this basis was wrong. When CDS denied the claim, NRS 616C.175, formerly NRS 616.50185, provided that an employee was not entitled to compensation if a subsequent industrial injury aggravated, precipitated or accelerated a preexisting condition from a cause or origin that did not arise out of or in the course of his current or past employment. Root’s preexisting condition arose out of his past employment.
 

 [2]
 

 SIIS and LVHA also contend the appeals officer’s determination that the 1981 injury was the primary cause of Root’s 1996 disability is not supported by substantial evidence. This contention is without merit. The determination is supported by substantial medical evidence, and while there was conflicting
 
 *868
 
 evidence, it was the appeals officer’s job to weigh the evidence.
 
 See
 
 NRS 233B. 135(3). The problem here is that the appeals officer should not have been trying to decide the primary cause of Root’s 1996 shoulder disability.