IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| TRISTAR RISK MANAGEMENT; SEDGWICK CMS; AND AMERISAFE, Appellants, vs. PONCIANO PEREZ-GARCIA; AND ASSOCIATED RISK MANAGEMENT, INC., Respondents. | No. 76435 |

FILED

DEC 12 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a petition for judicial review in a workers' compensation case. Eighth Judicial District Court, Clark County; Michael Villani, Judge.[1]

Ponciano Perez-Garcia sustained an industrial injury in 2013, as an employee of Cedco Iron. He filed a workers' compensation claim with Cedco and its insurer, appellant Amerisafe, for injuries to his lower back and buttocks. When conservative treatment options failed to resolve his pain, Perez-Garcia's doctor recommended surgery. Amerisafe, through its third party administrator appellant Tristar Risk Management, declined to pay for Perez-Garcia's surgery under the 2013 claim.

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

19-50423

While being treated for the 2013 injury, Perez-Garcia filed a second workers' compensation claim in 2014 with Cedco through its new insurer, respondent Associated Risk Management, Inc. (ARM), for a lower back sprain/strain. ARM also declined to pay for Perez-Garcia's surgery under the 2014 claim. The hearing officer affirmed and Perez-Garcia appealed in a consolidated administrative appeal. As part of the appeal, Perez-Garcia underwent an independent medical examination.

The appeals officer ultimately found that Perez-Garcia's 2014 injury had resolved and had no bearing on Perez-Garcia's current condition requiring surgery. The appeals officer further found that Perez-Garcia's 2013 injury aggravated a pre-existing condition and, because Tristar failed to show that Perez-Garcia's 2013 injury was not a substantial contributing cause of his condition, Perez-Garcia's surgery should be covered by his 2013 claim with Tristar. *See* NRS 616C.175 (providing that a subsequent industrial injury that "aggravates, precipitates or accelerates [a] preexisting condition" is a compensable injury "unless the insurer can prove by a preponderance of the evidence that the subsequent injury is not a substantial contributing cause of [the employee's] resulting condition"). The district court denied Tristar's petition for judicial review, thereby affirming the appeals officer's decision. This appeal followed.

Tristar contends that the appeals officer erred in not applying the last injurious exposure rule to Perez-Garcia's claims because the appeals officer did not consider whether Perez-Garcia's 2014 incident was a new injury. *See Grover C. Dils Med. Ctr. v. Menditto*, 121 Nev. 278, 284,

287, 291, 112 P.3d 1093, 1098, 1100, 1102 (2005) (explaining that, under the last injurious exposure rule, a successive injury that aggravates a prior injury is the responsibility of the carrier for the second injury, but if the successive injury does not cause the original condition to physically worsen, it is a mere recurrence and the first carrier is liable). We disagree. The record contains three medical opinions, one from an independent medical examiner, all opining that Perez-Garcia's 2013 injury aggravated his pre-existing condition and that it was the substantial contributing cause of his resulting condition requiring surgery. The opinions also agreed that Perez-Garcia's 2014 incident was an insignificant injury that did not further aggravate or physically worsen his pain. *See Las Vegas Hous. Auth. v. Root*, 116 Nev. 864, 868, 8 P.3d 143, 146 (2000) (applying the last injurious exposure rule to cases involving successive industrial injuries).

Based on the foregoing, we conclude that substantial evidence in the record supports the appeals officer's decision that Perez-Garcia's need for surgery is due solely to his 2013 industrial injury. *See Elizondo v. Hood Mach., Inc.*, 129 Nev. 780, 784, 312 P.3d 479, 482 (2013) (reviewing an administrative agency's factual findings for an abuse of discretion or clear error, and providing that a court should only overturn those findings if they are not supported by substantial evidence). Although the appeals officer did not expressly state that the 2014 injury was not a new injury, its other findings make it clear that it considered the 2014 injury to be unrelated to the 2013 injury such that Tristar was required to compensate Perez-Garcia for the 2013 injury. *Cf. Bd. of Gallery of History, Inc. v. Datecs Corp.*, 116 Nev. 286, 289, 994 P.2d 1149, 1150 (2000) (observing that "[t]he absence of

a ruling [on a particular claim] constitutes a denial of the claim").[2] Therefore, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, C.J.
Gibbons

_____, J.
Cadish

_____, Sr. J.
Douglas

cc:     Hon. Michael Villani, District Judge
        Kathleen J. England, Settlement Judge
        Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
        Law Offices of David Benavidez
        Shook & Stone, Chtd.
        Eighth District Court Clerk

---

[2]We decline to address Tristar's argument that, by accepting Perez-Garcia's 2014 claim, ARM conceded that the 2014 incident was a "new injury" because Tristar failed to properly support this argument on appeal. See Edwards v. Emperor's Garden Rest., 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (explaining that this court need not consider an appellant's argument that lacks relevant, supporting authority).

[3]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.