**Richard C. HAWKINS, Appellant,**

v.

**GREEN ASSOCIATED and Alaska Pacific Assurance Company, Appellees.**

No. 2799.

Supreme Court of Alaska.

Jan. 31, 1977.

B. Gil Johnson and Michael J. Schneider, of Johnson, Christenson, Shamberg & Link, Anchorage, for appellant.

Charles P. Flynn, of Burr, Pease & Kurtz, Inc., Anchorage, for appellees.

OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, ERWIN and BURKE, JJ.

CONNOR, Justice.

The Workmen's Compensation Board found that Richard C. Hawkins suffered a compensable temporary total disability. The question on appeal is whether that finding is supported by substantial evidence. On March 31, 1974, Hawkins fell about 12 feet from a loader while employed by Green Associated (Green). About 18 days later he underwent spinal fusion surgery.

About three years prior to his injury Hawkins had retired to his farm in Washington, receiving a Teamsters' pension of approximately $500 per month. He had been a Teamster greaser-mechanic in Alas-

ka for about 30 years,[1] and had experienced intermittent back problems, which had been treated by chiropractors. Hawkins' retirement ended when his farm house burned, and he found his $500 pension inadequate.

He returned to Alaska, and was examined by Dr. Gilbert B. Dickie at the Alaska Clinic in Anchorage. X-rays revealed severe degenerative spinal disease, and he was referred to Dr. George B. Wichman, an orthopedic surgeon. Dr. Wichman scheduled Hawkins for a spinal fusion operation to be performed about a week later. In the interim, however, Hawkins was treated by a chiropractor, felt better, and cancelled the surgery. He went to Fairbanks, was dispatched to Five Mile Camp on the pipeline, and had been working only six days when he fell. He was evacuated to Fairbanks and then to Anchorage where, on April 18, 1974, he underwent a spinal fusion performed by Dr. Wichman.

Green's insurance carrier, Alaska Pacific Assurance Company, controverted the workmen's compensation claim, asserting that the "[b]ack condition did not arise out of or in the course of employment." The evidence before the compensation board consisted of Hawkins' medical records, his oral testimony, and the deposition of Dr. Wichman. The board awarded him compensation for temporary total disability. The employer and insurance carrier appealed to the Superior Court, which reversed and remanded. Hawkins then filed this appeal.

A disability is fully compensable by workmen's compensation, even if stemming from a pre-existing disease or infirmity, if a work-related accident "aggravated, accelerated or combined with the disease or infirmity" in producing the disability. *Cook v. Alaska Workmen's Comp. Bd.,* 476 P.2d 29, 32 (Alaska 1970); *Thornton v. Alaska Workmen's Comp. Bd.,* 411 P.2d 209, 210 (Alaska 1966). Whether or not the pre-existing condition was so aggravated is a question of fact. *Thornton v. Alaska Workmen's Comp. Bd., supra* at 210.

Green asserts that the evidence is uncontradicted that Hawkins needed spinal fusion before he started work for Green. Green further asserts that Dr. Wichman's deposition, fairly interpreted, shows that the fall did not aggravate the spinal injury, but only produced some pain of its own. For this latter pain, attributable not to the spinal injury but only to the fall, Green agrees that workmen's compensation should be paid. The superior court agreed with Green. It reversed the Alaska Workmen's Compensation Board, remanded the case to the Board for a determination of what period of disability was due to the fall alone (aside from the spinal fusion), and what period was due to the operation for spinal fusion. The latter period would not be compensable. From that determination, Hawkins brings this appeal.

Both parties find language in Dr. Wichman's deposition favorable to their position. The doctor agreed that after the accident, Hawkins was "basically in the same condition" as before, "[e]xcept for subjective complaints of more severe pain." He said his diagnosis of Hawkins' condition was the same before and after the accident. The fusion operation would have been medically necessary whether or not Hawkins had returned to work and fallen, he added. He testified that he had no doubt that Hawkins' complaints of ringing in the ears and pain in the neck and back after his fall were legitimate. He then said that the fall from the loader "has obviously applied a force to aggravate his pre-existing condition," even though the change in Hawkins' condition was not apparent from X-rays. Dr. Wichman agreed with counsel's characterization that Hawkins' pain "was bearable before the accident . . . but became unbearable . . . after."

Hawkins did physical labor on his farm and at his job before he fell, despite the back ailment. He testified that he was unable to work afterwards, and Dr. Wichman agreed.

The Board found:

1. A greaser-mechanic services and greases trucks and heavy equipment, and changes and repairs their tires. The job requires heavy lifting.

"even though surgery had been recommended and was needed, he [Hawkins] would have continued to postpone it and work as long as he could. We believe the fall was the motivating force and aggravated applicant's condition to the point that he could no longer work, and surgery could not be postponed any longer."

The courts must uphold an order of the Workmen's Compensation Board if it is supported by substantial evidence. We may not reweigh the evidence or draw our own inferences from it. *Beauchamp v. Employers Liability Assurance Corp.,* 477 P.2d 993 (Alaska 1970); *Morrison-Knudsen Co. v. Vereen,* 414 P.2d 536, 543 (Alaska 1966).

We conclude that the evidence which we have referred to is sufficient to support the board's findings that the fall while on the job aggravated Hawkins' back ailment and, therefore, his injuries were fully compensable.

We reverse the judgment of the Superior Court, and reinstate the order of the Alaska Workmen's Compensation Board.