STATE INDUSTRIAL INSURANCE SYSTEM, an Agency of the STATE OF NEVADA, Appellant, v. DONALD E. KELLY, Respondent.

No. 14367

November 3, 1983                                      671 P.2d 29

*Dean A. Hardy,* Las Vegas, for Appellant.

*J. Michael Nave,* Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

This is an appeal from a district court order reversing an administrative determination of ineligibility for state industrial insurance benefits. Appellant State Industrial Insurance System (SIIS) contends that the evidence was insufficient to support respondent Kelly's claim that, as the result of an industrial injury, he suffers a symptomatic condition requiring surgery which is compensable by SIIS. We disagree.

Since birth, Kelly has had an umbilical hernia or "hole" in his abdominal wall. Until his industrial accident, however, Kelly's hernia had been asymptomatic or non-protrusive. While lifting a heavy sliding glass door at work, Kelly felt a sharp pain in his abdomen; and a bulge protruded from his belly, rendering his previously asymptomatic condition symptomatic. Although emergency room treatment (paid for by SIIS) reduced the bulge momentarily, the hernia reappeared soon thereafter and still protrudes at present. We therefore find SIIS's contention that compensated treatment returned Kelly to his pre-injury condition to be meritless.

Whether industrial aggravation of a congenital defect which rendered an asymptomatic condition symptomatic is compensable is a question of first impression in Nevada. We have, however, recognized the principle that "preexisting illness normally will not bar a claim if the employment aggravates, accelerates or combines with the disease process to trigger disability or death." Spencer v. Harrah's, Inc., 98 Nev. 99, 101, 641 P.2d 481, 482 (1982). We consequently adopt the rule of law enunciated by our sister state Arizona regarding this issue. The claimant has the burden of showing that the claimed disability

or condition was in fact caused or triggered or contributed to by the industrial injury and not merely the result of the natural progression of the preexisting disease or condition. Arellano v. Industrial Commission, 545 P.2d 446, 452 (Ariz. 1976). *See also,* Geentry v. Hyster, Inc., 541 P.2d 486 (Ore. 1975); Hawkins v. Green Associated, 559 P.2d 118 (Alaska 1977).

We have determined that Kelly has met that burden in the instant case. The fact that industrial aggravation may have been but one of several causes producing the symptomatic condition is of no moment. "An industrially related accident does not have to be the cause of the injury or death, *but merely a cause.* If the job is said to precipitate or accelerate the condition, a causal connection with the work can be found." Harbor Insurance Company v. Industrial Commission, 545 P.2d 458, 461 (Ariz. 1976). The mere fact that Kelly had a preexisting congenital defect, moreover, does not preclude his coverage. "[I]n the field of Workmen's Compensation, the employer takes his employee as he is. In legal contemplation, if an injury, operating on an existing bodily condition or predisposition, produces a further injurious result, that result is caused by the injury." Murray v. Industrial Commission, 349 P.2d 627, 633 (Ariz. 1960). SIIS, as a consequence, must compensate Kelly for the surgical repair of his protruding hernia, even though the operation necessarily requires repair of a congenital defect. The district court order was correct.

Affirmed.