STATE INDUSTRIAL INSURANCE SYSTEM, AN AGENCY OF THE STATE OF NEVADA, APPELLANT, v. GLENN M. THOMAS, RESPONDENT.

No. 16049

June 21, 1985 701 P.2d 1012

[Rehearing denied February 20, 1986]

*Denise M. Lightford,* Las Vegas, for Appellant.

*Greenman, Goldberg & Raby,* Las Vegas, for Respondent.

---

## OPINION

*Per Curiam:*

The State Industrial Insurance System (SIIS) appeals from an order of the district court which reversed the decision of an appeals officer denying medical benefits to respondent Thomas. For the reasons stated below, we reverse.

Thomas dislocated his shoulder during the course and scope of his employment as a police officer on September 6, 1980. Medical treatment was rendered at the Southern Nevada Memorial Hospital in Las Vegas. Thomas submitted a claim to the SIIS, and benefits were paid on the claim.

On September 15, 1980, Thomas' treating physician, Dr. Donald MacKay, recommended corrective surgery to prevent future dislocations. The SIIS denied approval for the surgical repair of the shoulder because Thomas had a history of prior dislocations. Thomas appealed to the Department of Administration, Hearing Division. The hearing officer affirmed the SIIS determination. Thomas appealed. Following a hearing on February 27, 1984, an appeals officer affirmed the decision of the hearing officer on the grounds that the condition was pre-existing and that the evidence that surgery was required as a result of the September 6, 1980, injury was speculative. In the opinion of the

appeals officer, the evidence showed that Thomas had recovered from the injury and had been returned to his pre-injury condition, and the need for preventative surgery was not the result of the September 6, 1980, injury.

Thomas petitioned the district court for judicial review. The record of the administrative proceedings was not forwarded to the district court. The district court found that the SIIS was required by NRS 233B.140(2) to transmit a copy of the record of the administrative proceedings to the district court.[1] Because SIIS had not caused the record to be transmitted, the district court elected to treat the assertions in Thomas' brief as true. Accordingly, the district court concluded the report of Dr. MacKay was uncontroverted and failure of the appeals officer to accept it was arbitrary. The district court therefore reversed the decision of the appeals officer.

The SIIS made a motion for reconsideration. Attached to the motion was a copy of the record from the administrative proceedings. The district court refused to reconsider, stating that its decision was based on the merits of the appeal in that the denial of surgery was arbitrary. The SIIS has appealed, raising two assignments of error. First, the SIIS contends the district court abused its discretion by deciding the case without the record. Second, the SIIS contends the district court erred by substituting its judgment for that of the appeals officer.

When review of an administrative decision is sought in the district court pursuant to the Nevada Administrative Procedure Act, the review is "conducted by the court without a jury and [is] confined to the record." NRS 233B.140(4). Further, the court must affirm the decision of the administrative agency on questions of fact if the decision is supported by substantial evidence in the record. *See* State of Nev., Nev. Emp. Sec. Dep't v. Weber, 100 Nev. 121, 676 P.2d 1318 (1984). In the absence of a record, a "substantial evidence" review is difficult, at best.

Although the district court was correct in finding that it was the SIIS' responsibility to provide the record, the election of the district court to treat the allegations of Thomas' brief as correct

---

[1] NRS 233B.140(2) (emphasis added) provides:

Within 30 days after the service of the petition, or within further time allowed by the court, *the agency shall transmit to the reviewing court the original or a certified copy of the entire record of the proceeding under review.* By stipulation of all parties to the review proceedings, the record may be shortened. A party unreasonably refusing to stipulate to limit the record may be taxed by the court for the additional costs. The court may require or permit subsequent corrections or additions to the record.

was inappropriate.[2] Under NRS 233B.140(2), the district court "may require or permit subsequent corrections or additions to the record." In light of the limitations on the review performed by the district court, this would have been a preferable course of action. Further, the district court's refusal to reconsider its decision when the record was produced was an abuse of discretion. A review limited to the record cannot be properly performed in the absence of the record.

The SIIS contends that the district court improperly substituted its judgment for that of the appeals officer. *See* NRS 233B.140(5).[3] We agree. A review of the evidence before the appeals officer reveals that his decision was not arbitrary.

The appeals officer found as facts (1) that Thomas had suffered multiple dislocations of his right shoulder prior to his September 6, 1980, injury, and (2) that Thomas had recovered from his September 6, 1980, injury and had been returned to his pre-injury status. Dr. MacKay's report supports both of these findings.[4]

Although Thomas insisted in his brief that he had suffered only two previous dislocations, Dr. MacKay's report states: "He does have a history of recurrent dislocation of the shoulder. The first dislocation occurred playing football and he has had multiple dislocations since that time. He states that he has had three

---

[2]The SIIS has claimed throughout that the petitioning party has the responsibility to transmit the record. However, NRS 233B.140(2) clearly places the burden of transmitting the record on "the agency." SIIS' arguments that it is not the agency referred to are not persuasive.

[3]NRS 233B.140(5) (emphasis added) provides:

*The court shall not substitute its judgment for that of the agency* as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. *The court may reverse or modify the decision if* substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

 (a) In violation of constitutional or statutory provisions;
 (b) In excess of the statutory authority of the agency;
 (c) Made upon unlawful procedure;
 (d) Affected by other error of law;
 (e) *Clearly erroneous in view of the reliable, probative and substantial evidence on the whole record;* or
 (f) *Arbitrary* or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

[4]Although portions of Dr. MacKay's report were contained in the briefs, the entire report was not before the district court when it entered its judgment. Clearly, the district court abused its discretion by basing its order on a report that was not before it.

dislocations in the past six months." Clearly, the appeals officer's finding of multiple prior dislocations was supported by substantial evidence.

Dr. MacKay also reported: "This patient has recovered from his latest recurrent dislocation of the right shoulder." Further, the record included a report of Dr. Harris W. Knudson who examined the x-rays and concluded that Thomas' shoulder was normal. Dr. Cedarblade, the chief medical advisor of the medical department of the SIIS, reviewed the records and the report of Dr. MacKay and concluded that the condition of Thomas' shoulder was the result of a football injury some eight years earlier, and that Thomas had recovered from his September 6, 1980, injury. It is apparent that the record supported the appeals officer's finding that Thomas had been returned to his pre-injury status.

Thomas relies heavily on the following statement made by Dr. MacKay in a letter dated February 1, 1984: "It is my opinion that it is possible that this particular injury was sufficient to result in the need for surgical repair of dislocating right shoulder." The finding of the appeals officer that this opinion was speculative, however, was not clearly erroneous, especially in light of the fact that the letter was written three and one-half years after the injury occurred. Although another construction of the statement is possible, the conclusion of the appeals officer is rational and supported by substantial evidence. Therefore, the conclusion of the district court that the appeals officer acted arbitrarily was incorrect. We conclude that the district court substituted its judgment for the judgment of the administrative agency. This was error. NRS 233B.140(5).

For the reasons stated above, the order of the district court is reversed.