STATE INDUSTRIAL INSURANCE SYSTEM, Appellant, v. KELLEEN PORTER (FERGUSON) and WAYNE NEWTON'S ARAMUS ARABIANS, Respondents.

No. 16923

March 31, 1987                                      734 P.2d 729

*Robert G. Giunta,* Assoc. General Counsel, *Darla R. Anderson,* General Counsel, Las Vegas; *Pamela Bugge,* General Counsel, Carson City, for Appellant.

*King, Clark, Gross & Sutcliff,* Las Vegas; *Gordon C. Richards,* Las Vegas; *James M. Nave,* Appeals Officer, Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

The respondent Porter was employed by Wayne Newton's Aramus Arabians. During the course of Porter's employment, a horse kicked her and the trauma led to a two-month premature delivery of Porter's child, Christopher. Both mother and child incurred medical expenses directly attributable to the industrial accident. In ensuing proceedings pursuant to Nevada's Worker's Compensation Statutes, an appeals officer ordered the SIIS to pay the short-term neonatal medical expenses resulting from the accident. The district court affirmed; this appeal followed. We agree with the district court.

We think it evident that where, as here, an industrial accident is found to have resulted in a premature birth, and there are medical expenses directly relating to the premature birth, the working mother is entitled to benefits for the short-term neonatal care of the child that are directly attributable to the premature nature of the birth.

Work places present hazards, and a pregnant woman is compelled by the laws of nature to expose her fetus to those hazards. If she is to benefit her employer, both she and her fetus must risk the dangers of the work place. We therefore conclude that the purposes of the Nevada Worker's compensation scheme are in accord with the appeals officer's determination.

We find it unnecessary to reach other questions that have been tendered by appellant. Porter has not attempted to claim that the appeals officer's ruling established a right to recover for further care which may hereafter become necessary and which may arguably be related to the accident.

Affirmed.