STATE INDUSTRIAL INSURANCE SYSTEM, Appellant, *v.* ROBERT L. CHRISTENSEN, Respondent.

No. 19667

February 22, 1990                          787 P.2d 408

---

*Pamela Bugge,* General Counsel, and *Matthew H. Feiertag,* Associate General Counsel, Carson City, for Appellant.

*Langton and Kilburn,* Reno, for Respondent.

## OPINION

*Per Curiam:*

After working forty years as a welder and steamfitter, respondent, Robert L. Christensen (Christensen), filed a disability claim for asbestosis. According to Christensen's claim, his asbestos poisoning occurred while working at the Reno-Sparks sewage treatment facility in early 1980. The record reveals that Christensen's exposure to asbestos during that period was of relatively short duration (approximately 8 weeks) but was extremely intense. Christensen also testified that approximately 70-75 percent of all jobs he worked on throughout his career included some form of exposure to asbestos. In addition to his asbestos exposure, Christensen had smoked from one and one-half to two packs of cigarettes a day for twenty-seven years.

In 1978, Christensen saw his family physician; x-rays were taken which showed that Christensen had a slight amount of lung scarring, but not enough to cause him any difficulty at that time. However, Christensen had been suffering from shortness of breath since approximately 1975. Christensen saw another physician in 1980 following his exposure to asbestos on the Reno-Sparks job. In 1985, Christensen again saw a physician and was

diagnosed as having severe obstructive pulmonary disease which rendered him unable to continue working.

Christensen filed his SIIS claim and was referred to Dr. Charles Hine in San Francisco, a specialist in occupational diseases, environmental health and toxicology. Dr. Hine's diagnosis concluded Christensen's exposure to asbestos was of too short a duration and intensity to cause the disease process resulting in Christensen's total disability.

After reviewing all of the evidence, the hearing officer reversed SIIS's decision to terminate Christensen's benefits. SIIS appealed and sought a supplemental report from Dr. Hine. Dr. Hine concluded in his supplemental report that Christensen's health problems were not the result of exposure to asbestos on the Sparks project, nor was it a reasonable medical probability that they were due to asbestos.

The appeals officer reversed the hearing officer. The appeals officer specifically found that Christensen's respiratory problems were not aggravated by employment-related asbestos exposure. Finally, the appeals officer was reversed by the district court, which held that the appeals officer made implicit factual findings not supported by the evidence. Specifically, the trial court found no evidence in the record that definitively excluded asbestos exposure as a contributing source of Christensen's disability. The record revealed that Dr. Hine had only been asked whether there was a direct cause and effect relationship between Christensen's lung condition and his exposure to asbestos; the question of aggravation had not been posited to Dr. Hine.

The standard of review of an administrative agency's decision on appeal is:

> When a decision of an administrative body is challenged, the function of this court is identical to that of the district court. It is to review the evidence presented to the administrative body and ascertain whether that body acted arbitrarily or capriciously, thus abusing its discretion [footnote omitted]. This limitation upon court review is written into the Administrative Procedure Act, NRS ch. 233B, . . . It is there provided that court review is confined to the record before the agency, NRS 233B.140(4); that the court may not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact, NRS 233B.140(5); and that the agency decision may be reversed, inter alia, if clearly erroneous, or arbitrary and capricious. NRS 233B.140(5)(e)(f). (Citations omitted.)

Gandy v. State ex rel. Div. Investigation, 96 Nev. 281, 282-83, 607 P.2d 581, 582-83 (1980). Therefore, we have limited our

review to determining whether there was substantial evidence in the record to support the agency determination that Christensen's respiratory problems were not aggravated by employment-related exposure to asbestos.

The record reveals no evidence in support of the appeals officer's determination that asbestos did not aggravate Christensen's respiratory condition. Because the agency's decision on this issue was not supported by the evidence, the district court was correct in reversing the appeals officer. However, the district court's decision was also based upon an implied finding of fact unsupported by the record evidence, to the effect that asbestos exposure did aggravate Christensen's condition. A district court's review is limited to the record developed in agency proceedings and a determination of whether substantial evidence exists in the record to support the agency's ruling. An agency ruling without substantial evidentiary support is arbitrary or capricious and therefore unsustainable. *See* SIIS v. Swinney, 103 Nev. 17, 20, 731 P.2d 359, 361 (1987).

For reasons specified above, we reverse and remand so that a proper factual determination may be made by the agency as to whether job-related asbestos exposure aggravated Christensen's condition.