DESERT INN CASINO & HOTEL, Appellant, v. BEVERLY MORAN, Respondent.

No. 20273

May 30, 1990                               792 P.2d 400

*Jerry Collier Lane,* Las Vegas, for Appellant.

*Nancyann Leeder,* Las Vegas, for Respondent.

---

## OPINION

*Per Curiam:*[1]

Respondent Beverly Moran quit her job with appellant Desert Inn Casino & Hotel after her doctor told her she had a degenerative joint disease in her hands which was aggravated by her job as a masseuse. She filed a worker's compensation claim which was initially denied because, at her employer's direction, she had mistakenly filed an industrial accident claim with her employer rather than an occupational disease claim with her employer's

---

[1]This appeal was previously dismissed in an unpublished order of this court. Pursuant to the request of counsel for respondent Beverly Moran, we have determined that our decision should be issued in a published opinion. Accordingly, we hereby issue this opinion in place of our order dismissing this appeal filed on April 24, 1990.

insurer. Following administrative appeals, her claim was granted and ultimately upheld by the district court. Desert Inn filed a petition for judicial review which the district court denied.

The standard for reviewing administrative action is abuse of discretion; thus, our review is limited to determining whether there was substantial evidence in the record to support the determination below. State Indus. Ins. Sys. v. Christensen, 106 Nev. 85, 87, 787 P.2d 408, 409 (1990). Worker's compensation statutes must be liberally construed, in a manner consistent with the intent of the legislature, to protect the worker. Weaver v. State Indus. Ins. Sys., 104 Nev. 305, 306, 756 P.2d 1195, 1196 (1988).

Desert Inn first contends that the appeals officer and/or the district court exceeded their jurisdiction when they granted Moran's claim. Because we hold that the lower tribunals' decisions were consistent with the meaning and intent of the worker's compensation statutes, this contention is without merit.

Desert Inn next contends that the lower tribunals abused their discretion in finding that degenerative joint disease aggravated by employment qualifies as a compensable occupational disease. NRS 617.440 sets forth the requirements for an occupational disease to be deemed to arise out of and in the course of employment. It states:

> 1. An occupational disease defined in this chapter shall be deemed to arise out of and in the course of the employment if:
> (a) There is a direct causal connection between the conditions under which the work is performed and the occupational disease;
> (b) It can be seen to have followed as a natural incident of the work as a result of the exposure occasioned by the nature of the employment;
> (c) It can be fairly traced to the employment as the proximate cause; and
> (d) It does not come from a hazard to which work[ers] would have been equally exposed outside of the employment.
> 2. The disease must be incidental to the character of the business and not independent of the relation of the employer and employee.
> 3. The disease need not have been foreseen or expected, but after its contraction must appear to have had its origin in

a risk connected with the employment, and to have flowed from that source as a natural consequence.

Applying NRS 617.440 to this case, the lower tribunals found, and the evidence supports, that Moran's degenerative joint disease qualifies as an occupational disease which arose out of and in the course of her employment as a masseuse for Desert Inn. She first began to have problems with her hands while employed as a masseuse for Desert Inn. Her job as a masseuse involved inordinate use of her hands. As she continued her employment, her problems worsened. She was diagnosed as having a disease "aggravated by overuse" in the performance of her job. We hold that these facts are sufficient to meet the requirements of NRS 617.440—there is a direct causal connection between her work conditions and the aggravation of the disease, the disease worsened as a natural incident of her continued work, and her work can be "fairly traced" as the proximate cause of her worsened condition. This conclusion is consistent with the rules of liberal construction set forth above and with our decisions in *Christensen,* 106 Nev. at 87-88, 787 P.2d at 409, in which we implicitly held that aggravation of a pre-existing condition may be compensable as an occupational disease, and State Indus. Ins. Sys. v. Kelly, 99 Nev. 774, 776, 671 P.2d 29, 30 (1983), in which we held that aggravation of a pre-existing disease by an industrial injury is compensable. Desert Inn's contention is therefore without merit.

Last, Desert Inn contends that Moran's claim was untimely. Worker's compensation statutes are to be liberally construed as to matters of procedure. Diaz v. Golden Nugget, 103 Nev. 152, 155, 734 P.2d 720, 723 (1987); Nevada Indus. Comm'n v. Peck, 69 Nev. 1, 11, 239 P.2d 244, 248 (1952). Claims for occupational diseases are to be filed with the insurer within ninety days of the date the employee learns of the disability and its relationship to the employment. NRS 617.330. Although Moran first went to a doctor in September 1986, it was not until October 1987 that she discovered the relationship between her disability and her employment; therefore, the ninety-day period did not begin to run until the latter date. At the direction of W.R. Gibbens, Inc., Desert Inn's private administrator, Moran filed an "Employee Accident Report" with her employer on December 8, 1987, less than forty-five days after being diagnosed on October 26, 1987, as having degenerative joint disease aggravated by her job as a masseuse.

She therefore substantially complied with the statute. Although Moran's is an occupational disease claim, she erroneously filed a

claim for an industrial accident at Gibbens' direction. Likewise, she filed a claim with her employer, rather than with the insurer, at Gibbens' direction. Because its own agent gave Moran the wrong information, Desert Inn cannot now benefit from Moran's failure to strictly comply with the statute. Therefore, Desert Inn's contention is without merit.

We affirm the denial of appellant's petition for judicial review.