RICHARD W. PIDA, APPELLANT/CROSS-RESPONDENT, *v.* THE STATE OF NEVADA, DEPARTMENT OF MOTOR VEHICLES AND PUBLIC SAFETY, RESPONDENT/CROSS-APPELLANT.

No. 20860

December 20, 1990                                    803 P.2d 229

*John G. Watkins,* Las Vegas for Appellant.

*Brian McKay,* Attorney General, Carson City; *Grenville Thomas Pridham,* Deputy Attorney General, Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

Following a traffic stop for suspicion of driving under the influence of alcohol, appellant submitted to a blood test which indicated a blood alcohol content of 0.26 percent. The arresting officer then sent an officer's certification of cause to the Department of Motor Vehicles (DMV), requesting revocation of appellant's driving privileges. *See* NRS 484.385. Appellant requested an administrative hearing pursuant to NRS 484.387. On February 16, 1989, appellant was informed by the DMV that his driver's license was revoked. On March 10, 1989, appellant filed in the district court a petition for judicial review. For reasons which are not clear, it does not appear that the state actually received a copy of this petition until July 25, 1989. Accordingly, the state moved to dismiss the petition on the ground that it was not timely served; that motion was denied by the district court. The state then filed an opposition to appellant's petition. The district court affirmed the decision of the DMV hearing officer, and this appeal followed.

Appellant contends that the district court erred in affirming the

decision of the hearing officer. Specifically, appellant notes that the tape recording of the administrative hearing was destroyed by the DMV. Appellant further notes that this tape recording constitutes almost the entire record in this case.

This contention has merit. In Nevada, judicial review of an administrative decision must be conducted by the court without a jury and be confined to the record. *See* NRS 233B.135. The decision of the administrative agency must be upheld if there is substantial evidence in the record to support it. It is difficult, if not impossible, to determine whether there is substantial evidence in the record when the record is not before the court. *See* SIIS v. Thomas, 101 Nev. 293, 701 P.2d 1012 (1985). We conclude that it was an abuse of discretion for the district court to review the administrative hearing in the absence of a record. The proper course of action would have been for the district court to vacate the decision of the DMV and remand this matter to the DMV for a new hearing.

Accordingly, we vacate the order entered below and remand to the district court with directions to remand this matter to the DMV for a new hearing. We have considered the issues raised by the state in its cross-appeal and conclude that they are without merit.