STATE INDUSTRIAL INSURANCE SYSTEM, AN AGENCY OF THE STATE OF NEVADA, APPELLANT, v. EMAD KHWEISS, RESPONDENT.

No. 22120

January 24, 1992                               825 P.2d 218

*R. Scott Young,* General Counsel, Carson City; *Arleen N. Kaizer,* Associate General Counsel, Las Vegas, for Appellant.

*H. Douglas Clark,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Around 1981, Emad Khweiss had a tumor surgically removed

from his right shoulder. His physician advised him of its potential for regrowth. In July, 1985, while working at the Marrakech Restaurant, Khweiss fell and injured the same shoulder.

Khweiss filed a claim for worker's compensation in August of 1985, which SIIS denied on the ground that the agency could not substantiate his assertion that he was working on the date of the injury. Khweiss appealed, and SIIS reversed as to this ground. However, because of a December 15, 1986 report from Jesse Perry, M.D., stating that Khweiss's "proposed surgery doesn't have any relationship to his fall other than trying to clear up the mass over his right shoulder which apparently was aggravated by his fall," SIIS ultimately denied Khweiss's request for compensation for his surgery. Khweiss appealed, and in April, 1987, a hearings officer affirmed SIIS's determination to deny compensation for the surgery, finding that "the medical reporting does not establish a causal relationship between the proposed surgery and any industrial causation, nor demonstrate where the condition of Mr. Khweiss is found to be a compensable consequence of [the industrial injury]." Khweiss again appealed, and on September 4, 1987, the appeals officer entered an interim order that a medical review board be convened to determine whether the industrial injury precipitated the trauma and led to the need for surgery.

In August of 1987, Khweiss underwent emergency surgery in Washington, D.C., which was a second incision of the venous malformation of his right shoulder. The medical review board's report of May, 1988, stated that the tumor predated the fall and also stated that:

> [Khweiss] should have been covered under an Industrial basis for all his disability and wound care up to the time of the definitive surgery at George Washington on August 7th, but that the definitive surgery *should probably not be covered* as it was a pre-existing tumor that was present at the time of the fall, and that the tumor was not caused by the fall.

(Emphasis added.) The medical review board also noted that that type of surgery is not routinely performed in the Las Vegas area. In another medical report, Dr. Trout, the vascular surgeon who performed the initial surgery four years prior to the industrial injury, stated:

> [I]t is a pre-existing condition and . . . propensity for regrowth was always there, since it is obvious that I did not completely excise it at the first operation. Whether it would ever have regrown without the trauma is not possible to answer.

In December, 1988, an appeals officer affirmed that SIIS was not responsible for payment for the shoulder surgery. She noted that "the claimant's surgical procedure performed in Washington, D.C., in August, 1987, is the same procedure accomplished on a non-industrial basis in 1981. The instant procedure was performed out of state, was unauthorized, and its denial by the State Industrial Insurance System was proper." Khweiss appealed to the district court, which held on February 11, 1991, that the appeals officer had incorrectly relied upon State Industrial Insurance System v. Kelly, 99 Nev. 774, 671 P.2d 29 (1983). The district court reversed the appeals officer's decision and remanded the case back to SIIS with instructions to pay for the August, 1987 surgery.

SIIS assumed responsibility for payment for the medical work required to return Mr. Khweiss's shoulder to its condition prior to the industrial accident. It is undisputed that Khweiss had a pre-existing condition that had required prior surgery. However, SIIS disputes the district court's determination that SIIS must compensate Khweiss for the emergency surgery on his shoulder.[1] SIIS argues that the district court should have affirmed the decision of the appeals officer because Nevada law upholds the discretionary authority of administrative hearing officers unless they misconstrue the applicable law.[2] SIIS argues that the hearings officer correctly applied *Kelly* to the facts.

---

[1] The fact that Khweiss did not obtain authorization before his emergency surgery does not mean he is not entitled to compensation. A claimant may be entitled to compensation for out-of-state surgery even without pre-authorization where the insurer failed to object and did not dispute that the particular surgical procedure was reasonable and necessary medical treatment. Day v. S & S Pizza Co., 714 P.2d 275 (Or.App. 1986). *See also* Gullick v. Industrial Commission, 383 P.2d 123 (Ariz. 1963).

[2] NRS 233B.135(2) and (3) provide:

2. The final decision of the agency shall be deemed reasonable and lawful until reversed or set aside in whole or in part by the court. The burden of proof is on the party attacking or resisting the decision to show that the final decision is invalid pursuant to subsection 3.

3. The court shall not substitute its judgment for that of the agency as to the weight of evidence on a question of fact. The court may remand or affirm the final decision or set it aside in whole or in part if substantial rights of the petitioner have been prejudiced because the final decision of the agency is:

(a) In violation of constitutional or statutory provisions;

(b) In excess of the statutory authority of the agency;

(c) Made upon unlawful procedure;

(d) Affected by other error of law;

(e) Clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; or

(f) Arbitrary or capricious or characterized by abuse of discretion.

Under the Administrative Procedure Act, district court review of an agency's decision is to be conducted by the court without a jury and is restricted to the record. NRS 233B.135(1). "The question is whether the [administrative] board's decision was based on substantial evidence; neither this court nor the district court may substitute its judgment for that of the administrative agency." State, Emp. Sec. Dep't v. Weber, 100 Nev. 121, 124, 676 P.2d 1318, 1320 (1984) (citing McCracken v. Fancy, 98 Nev. 30, 639 P.2d 552 (1982)). Although the district court may decide pure legal questions without deference to an agency determination, an agency's conclusions of law which are closely related to the agency's view of the facts are entitled to deference and should not be disturbed if they are supported by substantial evidence. *See* Barnum v. Williams, 84 Nev. 37, 42, 436 P.2d 219, 222 (1968).

In State Industrial Insurance System v. Kelly, 99 Nev. 774, 671 P.2d 29 (1983), the first Nevada case to discuss whether industrial aggravation of a pre-existing condition is compensable, this court stated that:

> The claimant has the burden of showing that the claimed disability or condition was in fact caused or triggered or contributed to by the industrial injury and not merely the result of the natural progression of the preexisting disease or condition.

*Id.* at 775-76, 671 P.2d at 30. In *Kelly* the claimant successfully demonstrated that the industrial injury aggravated his medical condition. Thus, this court held that SIIS had to compensate him for his surgery.

In SIIS v. Thomas, 101 Nev. 293, 701 P.2d 1012 (1985), however, restoring a claimant to pre-injury condition was sufficient to preclude coverage. Thomas was a police officer with a history of shoulder dislocations. When he dislocated his shoulder again during the course and scope of employment, SIIS paid for his medical treatment; subsequently, his physician recommended corrective surgery to prevent future dislocations. SIIS denied approval for the operation because of his history of prior dislocations. *Id.* at 294, 701 P.2d at 1013. The appeals officer also denied Thomas's request for coverage, finding that Thomas had suffered multiple dislocations prior to his work-related injury, that he had been returned to his pre-injury condition, and that the industrial injury had not caused his need for further surgery. *Id.* at 296-97, 701 P.2d at 1015. This court upheld the appeals officer's finding and reversed the district court because there was

substantial evidence that Thomas had been restored to his pre-injury condition. *Id.* at 297, 701 P.2d at 1015.

We conclude that the instant case is more analogous to *Thomas* than *Kelly.* As in *Thomas,* SIIS compensated a claimant for medical work that restored him to his pre-injury condition. The finding of the medical review board that the additional surgery in Washington, D.C., was unrelated to the industrial accident, as well as the appeals officer's ruling to the same effect, are compelling evidence that SIIS should not be held responsible for the operation. The substantial evidence against Khweiss convinces us that Khweiss has not met his burden of showing that the industrial injury aggravated the condition. Thus, we conclude that the district court's ruling was error.

Accordingly, we reverse the judgment of the district court.