UNITED EXPOSITION SERVICE CO., APPELLANT, *v.* STATE INDUSTRIAL INSURANCE SYSTEM, AN AGENCY OF THE STATE OF NEVADA, AND ROBERT KEATING, RESPONDENTS.

No. 23151

April 27, 1993                                        851 P.2d 423

*J. Michael McGroarty,* Las Vegas, for Appellant.

*R. Scott Young,* General Counsel, and *William Zeigler,* Associate General Counsel, Carson City, for Respondent State Industrial Insurance System.

*Jay W. Brewer & Associates* and *John P. Lavery,* Las Vegas, for Respondent Keating.

422

## OPINION

*Per Curiam:*

### FACTS

Respondent Robert Keating (Keating), a truck driver employed

by appellant United Exposition Service Co. (United), suffered chest contusions after striking his chest on the door of his truck in the course and scope of employment. Approximately two weeks later, Keating underwent cardiac catheterization which depicted severe heart disease. He then received a four-vessel coronary artery bypass. Respondent State Industrial Insurance System (SIIS) notified Keating that it would accept liability for the chest contusions and abrasions but denied liability for the cardiac catheterization and bypass surgery. Keating appealed the initial decision to a hearing officer, using as support a letter from his treating physician, Dr. Miller, that stated Keating's need for heart surgery possibly could have been precipitated by the chest injury. The hearing officer reversed the SIIS decision, determining that Keating's condition, and subsequent need for bypass surgery, was industrially-related. An appeals officer affirmed the decision of the hearing officer. United then filed a petition for judicial review with the district court, which affirmed the decision of the appeals officer.

## DISCUSSION

This court's role in reviewing an administrative decision is identical to that of the district court: to review the evidence presented to the agency in order to determine whether the agency's decision was arbitrary or capricious and was thus an abuse of the agency's discretion. Titanium Metals Corp. v. Clark County, 99 Nev. 397, 399, 663 P.2d 355, 357 (1983). This standard of review is codified in NRS 233B.135.[1]

It is well recognized that this court, in reviewing an administrative agency decision, will not substitute its judgment of the evidence for that of the administrative agency. State, Dep't of

---

[1]NRS 233B.135 provides that judicial review of a final agency decision must be confined to the record and the burden of proof is on the party challenging the agency decision. NRS 233B.135(1) and (2). NRS 233B.135(3) provides:

　　3. The court shall not substitute its judgment for that of the agency as to the weight of evidence on a question of fact. The court may remand or affirm the final decision or set it aside in whole or in part if substantial rights of the petitioner have been prejudiced because the final decision of the agency is:
　　(a) In violation of constitutional or statutory provisions;
　　(b) In excess of the statutory authority of the agency;
　　(c) Made upon unlawful procedure;
　　(d) Affected by other error of law;
　　(e) Clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; or
　　(f) Arbitrary or capricious or characterized by abuse of discretion.

Mtr. Vehicles v. Becksted, 107 Nev. 456, 458, 813 P.2d 995, 996 (1991). This court is limited to the record below and to the determination of whether the administrative body acted arbitrarily or capriciously. State, Emp. Sec. Dep't v. Weber, 100 Nev. 121, 124, 676 P.2d 1318, 1320 (1984). The central inquiry is whether substantial evidence supports the agency's decision. Desert Inn Casino & Hotel v. Moran, 106 Nev. 334, 336, 792 P.2d 400, 401 (1990). Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. State, Emp. Security v. Hilton Hotels, 102 Nev. 606, 608, 729 P.2d 497, 498 (1986).

United argues that the decision of the appeals officer was not supported by substantial evidence and was clearly erroneous under NRS 233B.135. United further asserts that Keating failed to meet his burden of proof as to medical causation. We agree. The claimant has the burden of showing that the claimed disability or condition was in fact caused or triggered or contributed to by the industrial injury and was not merely the result of the natural progression of a preexisting disease or condition. State Industrial Insurance System v. Kelly, 99 Nev. 774, 775-76, 671 P.2d 29, 30 (1986). Although the industrially-related accident need not be the sole cause of the disability, it must be *a cause. Id.* at 776, 671 P.2d at 30. The claimant must show a causal nexus between the final condition and the industrial injury before worker's compensation benefits may be recovered. Warpinski v. SIIS, 103 Nev. 567, 569, 747 P.2d 227, 229 (1987).[2] A careful review of the record reveals that Keating did not show that his need for heart surgery was caused or contributed to by his industrial injury.

In support of his claim, Keating relied on the medical opinion of Dr. Miller, his treating physician. By letter dated August 9, 1990, Dr. Miller stated, "It is my belief that the accident (work-related) possibly could have been the precipitating factor in Mr. Robert Keating's illness." An award of compensation cannot be based solely upon possibilities and speculative testimony. A testifying physician must state to a degree of reasonable medical probability that the condition in question was caused by the

---

[2]We have cited State Industrial Insurance System v. Kelly, 99 Nev. 774, 671 P.2d 29 (1986), and Warpinski v. SIIS, 103 Nev. 567, 747 P.2d 227 (1987), but it should be noted that this case is factually distinguishable. *Kelly* and *Warpinski* involved workplace aggravation of prior injuries or preexisting conditions. This case concerns whether a workplace injury was a cause of the subsequent condition.

industrial injury, or sufficient facts must be shown so that the trier of fact can make the reasonable conclusion that the condition was caused by the industrial injury. *See generally Warpinski,* 103 Nev. at 570, 747 P.2d at 229-230; SIIS v. Porter, 103 Nev. 170, 734 P.2d 729 (1987); Harbor Insurance Company v. Industrial Commission, 545 P.2d 458, 459 (Ariz. 1976). We conclude that Keating presented neither sufficient medical testimony nor sufficient facts to support a determination that there was a causal connection between his chest injury and his subsequent need for heart surgery.

The speculative nature of Dr. Miller's opinion, that the chest injury "possibly could have been" a precipitating factor, does not support the appeals officer's determination that Keating's need for heart bypass surgery was industrially-related. A possibility is not the same as a probability. While worker's compensation claims are to be liberally construed in the worker's favor, such benefit favoring a worker will not stretch a possibility to a probability. The medical opinion offered by Keating in support of causation is not sufficient to show that Keating's need for heart surgery was not the natural result of preexisting heart disease.

The record shows significant evidence of other factors which contributed to Keating's need for heart surgery, e.g., Keating's preexisting coronary artery disease and chronic obstructive pulmonary disease. It was also noted in hospital records and by Keating's treating physician that Keating smoked 160 packs of cigarettes a year and was deemed obese. Although this court will not substitute its judgment for that of the agency as to the weight of the evidence, this court will reverse an agency decision that is clearly erroneous in light of reliable, probative, and substantial evidence on the whole record. *See* NRS 233B.135(3). We conclude the determination of the appeals officer was clearly erroneous in light of the evidence in the record as a whole. There was not substantial evidence to support the determination that Keating's industrial injury and his subsequent need for heart surgery were causally connected and we therefore reverse the decision of the district court.

We have carefully considered all of the other issues raised by the parties and conclude that they either lack merit or need not be addressed given our disposition of this appeal.