*1027 OPINION
By the Court,
Shearing, J.:
Respondent Lois Jackson suffered a back and hip injury on April 12, 1988, while working at appellant General Motors’ (“GM”) plant in Sparks, Nevada. She failed to file a claim with the State Industrial Insurance System (“SIIS”) until May 2, 1990. SIIS denied her claim on the ground that it was untimely. Jackson appealed the denial to a hearings officer who reversed the SIIS determination. Both SIIS and GM appealed that reversal.
A hearing before an appeals officer was scheduled for February 7, 1991. Attorney Kay Ellen Armstrong was appointed to represent respondent Lois Jackson for the appeal. On the date of the hearing, Jackson and GM and SIIS entered into negotiations *1028 resulting in a stipulated settlement. The settlement provided that the hearing officer’s decision would be vacated and the SIIS determination would be reinstated, i.e., Jackson’s claim would be time-barred. In return, SIIS would pay for a medical evaluation of Jackson to determine her current physical status. The parties agreed that regardless of the outcome of the physical examination, Jackson forfeited her right to assert a claim.
After a magnetic resonance imaging test (MRI) revealed that Jackson had a herniated disc that was probably caused by the April 12, 1988, injury, Jackson called Armstrong and asked that the stipulated settlement be rescinded. Armstrong filed a motion to set aside the stipulated settlement arguing that had Jackson known the results of the MRI, she would not have entered into the stipulated settlement. The appeals officer denied the motion.
Jackson filed a petition for judicial review with the district court, contending that the stipulated settlement should be set aside on the grounds of mutual mistake and legal incapacity. She argued that neither party contemplated that her medical examination would show that her injury was due to the 1988 incident. Jackson also asserted that she lacked the capacity to understand the consequences of the agreement.
The district court determined that there was no mutual mistake because “it was clearly stated at the time of the hearing that regardless of the results of the medical evaluation the agreement was that there would no longer be a SIIS claim for the 1988 injury.” However, the district court remanded the matter to the appeals officer for a determination of Jackson’s capacity to enter into the stipulated settlement because no evidence was presented to the appeals officer on this issue.
On December 15, 1992, the appeals officer held a hearing on the issue of Jackson’s capacity. He determined that the stipulated settlement should be set aside “on the ground that the claimant’s ‘capacity or competence to understand’ the consequences were no greater than the limited nature of the canvass.”
SIIS filed a petition for judicial review of the appeals officer’s decision to set aside the stipulated settlement.[1] The district court dismissed the petition and GM filed a notice of appeal.[2] On *1029 appeal, GM argues that (1) the district court lacked authority to remand Jackson’s case to the appeals officer for a determination of her capacity, and (2) the appeals officer’s decision is not supported by substantial evidence.
Appellant first asserts that the legislature specifically restricted the district court’s authority to remand cases to the appeals officer for further fact-finding by amending NRS 233B.140. We disagree. The amendment to NRS 233B.140 does not affect the court’s authority; it relates to the procedures available to the parties in the appeal of an administrative agency decision to the district court.
NRS 233B.135[3] is the statute governing the district court’s scope of judicial review of administrative agency decisions. The construction of a statute is a question of law. Nyberg v. Nev. Indus. Comm’n, 100 Nev. 322, 324, 683 P.2d 3, 4 (1984). A statute should always be construed to avoid absurd results. Moody v. Manny’s Auto Repair, 110 Nev. 320, 325, 871 P.2d 935, 938 (1993). We hold that the district court has the authority to remand matters to the appeals officer for further fact-finding under NRS 233B.135. NRS 233B.135 expressly states, “[t]he court may remand,” and we interpret this provision to mean that the district court may remand a case for further fact-finding. Construing NRS 233B.135 to limit the district court’s authority to remand for further fact-finding would effect an absurd result. When a party appeals an administrative agency decision, the district court often faces issues which it cannot rule upon because of a lack of evidence in the record. The language in NRS 233B.135 makes clear that the district court may not sit as the fact finder. If the district court cannot remand the matter to an appeals officer, there is no proper forum for the issue. Thus, it is reasonable to conclude that in enacting NRS 233B.135 the legislature intended for the district court to have the power to reverse and remand a decision for a factual determination where there is no evidence on the record to decide the issue.
*1030 This court has also recognized that a reviewing court has the' inherent authority to remand administrative agency cases for factual determinations. Pida v. State, Dep’t of Mtr. Vehicles, 106 Nev. 883, 803 P.2d 229 (1990); SIIS v. Christensen, 106 Nev. 85, 787 P.2d 408 (1990). In both Pida and Christensen, this court remanded matters to the respective administrative agencies for the taking of further evidence where there was no evidence or no record to substantiate the district court’s decision. Pida, 106 Nev. at 884, 803 P.2d at 230; Christensen, 106 Nev. at 88, 787 P.2d at 409.
Jackson raised the issue of her capacity to enter into the settlement agreement in her petition for judicial review before the district court. Accordingly, the district court remanded the matter to the appeals officer for a factual determination of Jackson’s capacity because there was no evidence in the record regarding this issue. We hold that this was the proper procedure.
Next, appellant contends that the appeals officer’s decision that Jackson lacked the capacity to enter into the stipulated settlement is not supported by substantial evidence. We agree.
On remand from the district court, the appeals officer held a hearing in order to determine Lois Jackson’s capacity to enter into the stipulated settlement. After receiving testimony from Jackson and her attorney, the appeals officer concluded that Jackson lacked the capacity to enter into the stipulated settlement. He stated, “[i]t is this Appeals Officer’s opinion that Ms. Jackson at no time was made directly aware of the consequences of the agreement’s terms.” He noted that although Jackson’s attorney explained the consequences of the stipulated settlement to Jackson, she used legal terms which Jackson did not understand.
*1031 Whether substantial evidence supports the appeals officer’s decision turns on what constitutes the “capacity” to contract. The Restatement and Corpus Juris Secundum (“CJS”) are instructive. The Restatement provides:
(1) No one can be bound by contract who has not legal capacity to incur at least voidable contractual duties. Capacity to contract may be partial and its existence in respect of a particular transaction may depend upon the nature of the transaction or upon other circumstances.
(2) A natural person who manifests assent to a transaction has full legal capacity to incur contractual duties thereby unless he is
(a) under guardianship, or
(b) an infant, or
(c) mentally ill or defective, or
(d) intoxicated.
Restatement (Second) of Contracts § 12 (1981). CJS defines the term “mentally defective” in the context of entering into a contract. “Where one of the parties, for any reason, is incapable of understanding the force and effect of the alleged agreement, there is no contract; but mere mental weakness falling short of such incapacity will not invalidate a contract.” 17 C.J.S. Contracts § 133(1)(a) (1963) (emphasis added). CJS further provides:
Where a person possesses sufficient mental capacity to understand the nature of the transaction and is left to exercise his own free will, his contract will not be invalidated because he was of a lesser degree of intelligence than his co-contractor, because he was fearful, worried or nervous, or lacked ability to concentrate ....
Id. Thus, under both the Restatement and CJS, the capacity to contract involves a person’s inability to understand the terms of an agreement, not his actual understanding. Capacity relates to the status of the person rather than to the circumstances surrounding the transaction.
Our review of the appeals officer’s decision indicates that his interpretation of capacity does not comport with the law of capacity as set forth in the Restatement and CJS. The appeals officer concluded that Jackson failed to understand the consequences of the agreement. Capacity involves whether Jackson had the ability to understand the agreement. The appeals officer failed to make this inquiry. Rather, he focused on whether or not Jackson understood the stipulated settlement, which involves an issue of mistake.
*1032 “Generally, a mistake of fact occurs when a person understands the facts to be other than they are.” 17 C J.S. Contracts § 134 (1963). Jackson claims that she was mistaken as to the consequences of the agreement despite the assistance of counsel. In her appeal to the district court, Jackson asserted mutual mistake as a ground for setting aside the stipulated settlement. Mutual mistake occurs when both parties, at the time of contracting, share a misconception about a vital fact upon which they based their bargain. Bailey v. Ewing, 671 P.2d 1099, 1102 (Idaho Ct. App. 1983). The district court found that there was no mutual mistake. Jackson did not appeal. From our review of the record, it appears that unilateral mistake, not mutual mistake, might be involved, and Jackson failed to raise that ground. We note that under general principles of contract law, unilateral mistake is not a ground for rescission unless the other party knows or has reason to know of the mistake. Parrish v. United Bank of Arizona, 790 P.2d 304 (Ariz. Ct. App. 1990); see also 3 Arthur Linton Corbin, Corbin on Contracts § 610 (1960).
Accordingly, we hold that the appeals officer committed an error of law by misinterpreting “capacity.” Because the appeals officer’s legal premise was incorrect, his factual determination that Jackson lacked capacity is faulty. We conclude that substantial evidence does not support the appeals officer’s decision to set aside the stipulated settlement on the ground of Jackson’s incapacity.
For the reasons set forth above, we reverse the district court’s order dismissing appellant’s petition for judicial review and reverse the appeals officer’s decision to set aside the stipulated settlement.
Steffen, C. J., and Young and Rose, JJ., concur.

We note that GM filed a statement of intent to participate in the review process regarding the petition for judicial review pursuant to NRS 233B. 130(3). Therefore, we consider GM a party to the proceedings below and it may properly appeal from the district court’s order dismissing the petition for judicial review.

The Department of Administration, Appeals Office, and Appeals Officer Robert Schouweiler were inappropriately listed as respondents in this appeal.
SIIS is also inappropriately listed as a respondent. Because SIIS’s interest *1029 in this matter coincides with GM’s interest, SIIS attempts to align itself with GM. However, SIIS failed to file a notice of appeal with this court, and therefore it is not a party to the instant case. We therefore strike SIIS’s brief and we direct the clerk of this court to correct the docket sheet to correspond to the caption on this opinion.

NRS 233B.135 states:
1. Judicial review of a final decision of an agency must be:
(a) Conducted by the court without a jury; and
(b) Confined to the record.
In cases concerning alleged irregularities in procedure before an *1030 agency that are not shown in the record, the court may receive evidence concerning the irregularities.
2. The final decision of the agency shall be deemed reasonable and lawful until reversed or set aside in whole or in part by the court. The burden of proof is on the party attacking or resisting the decision to show that the final decision is invalid pursuant to subsection 3.
3. The court shall not substitute its judgment for that of the agency as to the weight of evidence on a question of fact. The court may remand or affirm the final decision or set it aside in whole or in part if substantial rights of the petitioner have been prejudiced because the final decision of the agency is:
(a) In violation of constitutional or statutory provisions;
(b) In excess of the statutory authority of the agency;
(c) Made upon lawful procedure;
(d) Affected by other error of law;
(e) Clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; or
(f) Arbitrary or capricious or characterized by abuse of discretion.