An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JB CARTER PROPERTIES II, LLC, A NEVADA LIMITED LIABILITY COMPANY, ON ITS OWN BEHALF AND DERIVATIVELY ON BEHALF OF FASTRAN, LLC,
Appellant,
vs.
NASROLLAH GASHTILI, AN INDIVIDUAL,
Respondent.

No. 65715



FILED

JUL 2 4 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court judgment in a partnership action. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.

Appellant JB Carter Properties II, LLC, respondent Nasrollah Gashtili, and Lawrence Brown and John Bryant formed Fastran, LLC. Fastran's business was providing credit card cash advance services to operators of automated teller machines. Bryant withdrew from the partnership a few months after Fastran was formed. After several years, disputes arose between the remaining partners, and JB Carter Properties II initiated the instant litigation by suing Gashtili, who asserted counterclaims. After a bench trial, the district court found for Gashtili on JB Carter Properties II's claims, found for JB Carter Properties II on Gashtili's counterclaims, and ordered Fastran dissolved.

15-22539

JB Carter Properties II appealed, arguing that the district court's refusal to grant its motion to reinstate its contract claims, which had previously been disposed of on partial summary judgment, was in error and that the district court erred in finding that Gashtili's withdrawal of certain funds was covered by NRS 86.291(1) and that Gashtili was not liable for breach of fiduciary duty.[1] We review an order denying a motion to amend the pleadings or to reconsider for an abuse of discretion. *State, Univ. & Cmty. Coll. Sys. v. Sutton*, 120 Nev. 972, 987-88, 103 P.3d 8, 18-19 (2004); *State Indus. Ins. Sys. v. Thomas*, 101 Nev.

---

[1]We observe that appellant's briefs and the joint appendix do not comply with the Nevada Rules of Appellate Procedure. NRAP 28(e)(1) requires "*[e]very assertion* in briefs regarding matters in the record" to be supported by a citation to the record. (Emphasis added.) Appellant's briefs contain numerous unsupported assertions of fact. In this regard, one record citation at the end of a paragraph is generally insufficient to support all assertions contained in the paragraph, and assertions made in the discussion section of the briefs must also be supported, even if previously supported in the facts section. NRAP 30(c)(1) requires the appendix pages to be consecutively numbered. This requires each volume after the first to be consecutively numbered as well, beginning with the page number after the last page number of the previous volume. Beginning each volume with page number 1 does not comply with this rule. Although we have considered the merits of this case, parties that do not comply with the rules concerning briefs and appendices risk sanctions, including having their appeal dismissed for non-compliance rather than considered on the merits. *Huckabay Props., Inc. v. NC Auto Parts, LLC*, 130 Nev., Adv. Op. 23, 322 P.3d 429, 434-35 (2014) (dismissal); *Thomas v. City of N. Las Vegas*, 122 Nev. 82, 95-96, 127 P.3d 1057, 1066-67 (2006) (monetary sanctions).

293, 296, 701 P.2d 1012, 1014 (1985).[2] We will uphold the district court's factual findings "if not clearly erroneous and if supported by substantial evidence." *Weddell v. H2O, Inc.*, 128 Nev., Adv. Op. 9, 271 P.3d 743, 748 (2012) (internal quotation marks omitted).

Regarding JB Carter Properties II's contract claims, partial summary judgment was initially granted in favor of Gashtili because no evidence of an operating agreement existed. At trial, Bartus Carter (JB Carter Properties II's principal), Gashtili, and Brown all testified that they signed an operating agreement. Consequently, JB Carter Properties II orally moved to conform the pleadings to the trial testimony or for reconsideration of the partial summary judgment to reinstate its contract claims, arguing that the three principals signed an operating agreement and, therefore, one must exist. The district court orally denied the motion when JB Carter Properties II was unable to provide the operating agreement's terms. On appeal, JB Carter Properties II argues that the

---

[2]Respondent's argument that this court lacks jurisdiction to consider the denial of appellant's motion to reconsider lacks merit. While we lack jurisdiction to consider an appeal from a post-judgment order denying a motion to reconsider because no rule or statute provides for an appeal from such an order, *see, e.g., Phelps v. State*, 111 Nev. 1021, 1022, 900 P.2d 344, 345 (1995), a party may challenge an order denying a motion to reconsider on appeal from a final judgment, where "the reconsideration order and motion are properly part of the record on appeal from the final judgment," if the reconsideration motion was made after the final judgment, *Arnold v. Kip*, 123 Nev. 410, 417, 168 P.3d 1050, 1054 (2007), or where a reconsideration motion is made and then resolved by interlocutory order before entry of final judgment, *Consol. Generator-Nev., Inc. v. Cummins Engine Co.*, 114 Nev. 1304, 1312, 971 P.2d 1251, 1256 (1998).

district court abused its discretion in denying the motion, and it further argues that the operating agreements that it attached to its opposition to Gashtili's motion for partial summary judgment provided the terms of the operating agreement.

But, as Gashtili responds, Carter testified that, while he believes that an operating agreement existed, he had never seen a fully executed operating agreement. Moreover, while Carter, Gashtili, and Brown all testified that they signed an operating agreement, none of them indicated that the version they signed was either of the versions provided with JB Carter Properties II's opposition. And finally, when the district court questioned JB Carter Properties II's counsel regarding the terms of the operating agreement, counsel replied that no one had provided a document with the terms. Under these circumstances, we conclude that the district court did not abuse its discretion in denying JB Carter Properties II's motion to conform the pleadings or for reconsideration. *See State, Univ. & Cmty. Coll. Sys.*, 120 Nev. at 987-88, 103 P.3d at 18-19; *State Indus. Ins. Sys.*, 101 Nev. at 296, 701 P.2d at 1014; *see generally Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003) (stating that, in a breach of contract action, the plaintiff has the burden to prove the existence *and the essential terms* of the contract).

JB Carter Properties II's other argument is that Gashtili's surreptitious withdrawal of funds was a breach of fiduciary duty. The evidence presented indicated that, while Gashtili withdrew certain funds without informing Carter, Gashtili had the authority to withdraw the funds. *See* NRS 86.291(1) (stating that, in the absence of an operating agreement, the "management of a limited-liability company is vested in its

members in proportion to their contribution to its capital"). Further, Brown testified that the funds were withdrawn and applied to legitimate Fastran expenses. Given the evidence provided in the record, we conclude that substantial evidence supports the district court's finding that Gashtili's withdrawals were not a breach of fiduciary duty. *Weddell*, 128 Nev., Adv. Op. 9, 271 P.3d at 748. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Mark R. Denton, District Judge
Michael H. Singer, Settlement Judge
Michael R. Mushkin & Associates, P.C.
Greenberg Traurig, LLP/Las Vegas
Eighth District Court Clerk