NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 23 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LISA DANIELLE BRESLAW,

      Plaintiff - Appellant,

  v.

STATE OF NEVADA, ex rel. Board of
Regents of the Nevada System of Higher
Education, on behalf of College of Southern
Nevada,

      Defendant - Appellee.

Nos.  24-1301
       25-567

D.C. No. 2:23-cv-01680-APG-MDC

MEMORANDUM[*]

Appeals from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted September 17, 2025[**]

Before:     SILVERMAN, OWENS, and BRESS, Circuit Judges.

    In these companion appeals, Lisa Danielle Breslaw appeals pro se from the

district court's orders granting defendant's motion to enforce a settlement

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes these cases are suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

agreement and denying reconsideration of an order denying post-judgment relief in her employment discrimination action. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1136 (9th Cir. 2002) (enforcement of a settlement agreement); *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993) (denial of a motion for reconsideration). We affirm.

In Appeal No. 24-1301, the district court did not abuse its discretion in enforcing the settlement agreement because Breslaw does not contend that she lacked the ability to understand the terms of the agreement. *See Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989) ("The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally."); *Gen. Motors v. Jackson*, 900 P.2d 345, 349 (Nev. 1995) ("[T]he capacity to contract involves a person's *inability* to understand the terms of an agreement . . . .").

In Appeal No. 25-567, the district court did not abuse its discretion in denying Breslaw's motion for reconsideration because Breslaw did not identify evidence warranting reconsideration or an evidentiary hearing. *See Sch. Dist. No. 1J*, 5 F.3d at 1263 (setting forth grounds for reconsideration under Federal Rules of Civil Procedure 59 and 60); *see also Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) ("[T]he newly discovered evidence must be of

'such magnitude that production of it earlier would have been likely to change the disposition of the case.'" (citation omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Breslaw's motion to supplement the record (Docket Entry No. 25) is denied as unnecessary because the referenced material is already part of the record on appeal. Breslaw's motion to consolidate (Docket Entry No. 30) is denied.

**AFFIRMED.**

24-1301, 25-567